IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal Representative of        NO. 03-295 ERIE
the Estate of RAJESH PADMARAJU, Deceased,          NO. 03-317 ERIE
                                                   NO. 04-34 ERIE
      Plaintiff,

vs.

ISD TRANSPORTATION COMPANY, INC., et al.

      Defendants.

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO
RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

AND NOW, come the Defendants, ISD Transportation Company, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc., by and through their attorneys, McKENNA & CHIODO, P.C., and file the following Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support thereof aver as follows:

1.    Plaintiff, Radhika Vegesna, Personal Representative of the Estate of Rajesh Padmaraju, Deceased (hereinafter referred to as "Plaintiff"), initiated the instant action on September 15, 2003, for the wrongful death of Rajesh Padmaraju (hereinafter referred to as "Plaintiff's Decedent") (A true and correct copy of Plaintiff's Complaint, filed September 15, 2003, is attached hereto and marked as Exhibit"A".)

2.    Plaintiff also initiated another action against Defendants, Saminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc., on October 3, 2003, which also sought recovery for the wrongful death of Plaintiff's Decedent. (A true and correct copy of Plaintiff's Complaint, filed October 3, 2003, is also attached hereto and marked as Exhibit"A".)

3. Plaintiff filed a third action against Defendants, Saminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc., on January15, 2004, which also sought recovery for the wrongful death of Plaintiff's Decedent, after the Commonwealth of Pennsylvania granted Plaintiff Ancillary Letters of Administration for Plaintiff's decedent's estate. (A true and correct copy of Plaintiff's Complaint, filed in January 15, 2004, is attached hereto and marked as Exhibit "A".)

4. Each of Plaintiff's actions to seek recovery for the wrongful death of Plaintiff's Decedent, whose death occurred on October 5, 2001 in Erie County, Pennsylvania were consolidated together for discovery and trial pursuant to this Honorable Court's Order, dated, February 19, 2004.

5. At the time of his death, Plaintiff's Decedent was a resident of the Commonwealth of Massachusetts. (Exhibit "A", ¶4 .)

6. Prior to the initiation of the instant litigation, Plaintiff was appointed as the personal representative of the Estate of Rajesh Padmaraju, with that appointment being granted by the Probate Court in Oakland County, Michigan. (Exhibit "A", ¶1.)

7. Michigan law permits an Estate to be opened for a non-resident decedent in limited circumstances. *See* Michigan's Estates and Protected Individuals Code, §700.1301. (A true and correct copy of said statutory provision is attached hereto as Exhibit "B".)

8. However, providing Plaintiff all reasonable inferences from her Complaint and assuming for purposes of this Motion only that an estate was properly opened in Michigan, Michigan law does not grant a personal representative for a non–resident decedent's estate the right to maintain suit in either the courts of the State of Michigan or in any other State. *See* Michigan's Estates and Protected Individuals Code, §700.3703(3). (Exhibit "C".)

9. In Plaintiff's deposition, Plaintiff established that Plaintiff's Decedent was indeed a resident of Massachusetts. Plaintiff confirmed that Plaintiff's decedent had no ties to the Commonwealth of Pennsylvania other than the location of the accident and that Plaintiff's decedent also was not a resident of the State of Michigan at the time of the Plaintiff's Decedent's death. (A true and correct copy of Plaintiff's deposition, pp. 49-58, is attached hereto and marked as Defendants' Exhibit "D".)

10. The estate opened on Plaintiff's Decedent's behalf was improperly opened in the State of Michigan.

11. Pursuant to Michigan law, at the time the present action was initiated, Plaintiff was statutorily prohibited from filing suit in the Commonwealth of Pennsylvania on Plaintiff's Decedent behalf and, as such, this Honorable Court lacks jurisdiction over the subject matter of this suit and Plaintiff's action should be dismissed.

12. Moreover, Plaintiff failed to file and/or apply for the ancillary estate in the Commonwealth of Pennsylvania prior to the expiration of the statute of limitations.

13. In the instant litigation, no valid estate was set up in the State of Michigan, and therefore, no valid estate was is in existence or applied for prior to the expiration of the statute of limitations.

14. This Court therefore lacks subject matter jurisdiction over the instant litigation for Plaintiff's failure to effectively open an appropriate estate and/or take the necessary steps to open the correct estate in the instant litigation prior to the running of the statute of limitations.

15. At the very least, all claims against Defendant Gurminder should be dismissed because the claims against Defendant Gurminder were not asserted until Plaintiff's third filing in 2004 after the statute of limitations had expired.

WHEREFORE, Defendants, ISD Transportation Company, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh, and Saminder Singh d/b/a ISD Transportation Company, Inc., respectfully request that this Honorable Court grant their Motion for Summary Judgment and dismiss Plaintiff's action with prejudice.

### COUNT II
### PUNITIVE DAMAGES

16. Defendants hereby incorporate by reference paragraphs 1 through 15, inclusive, as though set forth more fully herein at length.

17. "The situs of the tort is Pennsylvania....[t]hus, the court will look to the substantive law of Pennsylvania to ascertain the legal standard for punitive damages awards." *Robinson v. Nissho-Iwai American Corp.* 1986 WL 11436, 2 (E.D.Pa.) (E.D.Pa.,1986).

18. Since the location of the accident in the instant litigation occurred in the Commonwealth of Pennsylvania, Pennsylvania federal courts will apply Pennsylvania substantive law with regard to the recovery of punitive damages.

19. In order to present a claim for punitive damages to the jury, the court must first determine whether the Plaintiffs have presented sufficient evidence to support their claim, and/or facts from which the jury might reasonably conclude by the preponderance of the evidence that Defendants conduct was of "such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct...." *SHV Coal v. Continental Grain Company,* 526 Pa. 489, 493, 587 A.2d 702, 704 (1991)(*citation omitted*).

20. Punitive damages are proper only in instances of outrageous conduct, that is for conduct done with a bad motive or reckless indifference to the interests of others. *See e.g., Martin v. Johns-Manville Corp.*, 508 Pa. 154, 494 A.2d 1088 (1985).

21.  Plaintiff has not produced or discovered any evidence to demonstrate that any of the named Defendants acted with the requisite state of mind crucial for the establishment of a punitive damage claim.

22.  Indeed, the record, to date, is completely devoid of evidence sufficient to permit a reasonable jury to return a verdict for punitive damages against Defendants, ISD Transportation Company, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh, and Saminder Singh d/b/a ISD Transportation Company, Inc.

23.  Inasmuch as Plaintiff has failed to produce or discover any evidence which would permit a reasonable jury to award punitive damages against the Moving Defendants, Defendants are entitled, as a matter of law, to be granted summary judgment as to this limited issue.

WHEREFORE, Defendants, ISD Transportation Company, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh, and Saminder Singh d/b/a ISD Transportation Company, Inc., respectfully request that this Honorable Court grant their Motion for Summary Judgment and dismiss any of Plaintiff's claims for punitive damages against Defendants.

Respectfully submitted,

McKENNA & CHIODO, P.C.

BY: /s/ Edward J. Chiodo
EDWARD J. CHIODO, ESQUIRE
PA I.D. #52937
Attorneys for Defendants, ISD Transportation Company, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc.
436 Boulevard of the Allies, Suite 500
Pittsburgh, PA 15219-1314
(412) 471-6226

## CERTIFICATE OF SERVICE

The undersigned herein certifies that a true and correct copy of the foregoing Motion for Summary Judgment was forwarded to the following counsel of record, via U.S. first-class mail, postage prepaid, this 18th day of July, 2005:

Andrew J. Conner, Esquire
CONNER, RILEY & FRYLING
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860

        McKENNA & CHIODO, P.C.

BY:  /s/ Edward J. Chiodo
EDWARD J. CHIODO, ESQUIRE
PA I.D. #52937
Attorneys for Defendants, ISD Transportation, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc.