## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal :
Representative of the ESTATE :
OF RAJESH PADMARAJU, Deceased :
Plaintiff :

      VS. :     NO. CA03 -295 erie

ISD TRANSPORTATION COMPANY, :
INC., MANDEEP SINGH, SAMINDER :
SINGH, and SAMINDER SINGH, :
d/b/a ISD TRANSPORTATION :
COMPANY, INC., Defendants :

**RECEIVED**

**SEP 15 2003**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## C O M P L A I N T

AND NOW comes the Plaintiff, RADHIKA VEGESNA, Personal
Representative of the ESTATE OF RAJESH PADMARAJU, Deceased, by
her counsel, ANDREW J. CONNER of CONNER RILEY & FRYLING, 17 West
Tenth Street, P.O. Box 860, Erie, Pennsylvania 16512-0860, and
files this Complaint against the above-named Defendants, alleging
as follows:

    1)   Radhika Vegesna is the duly appointed personal
representative of the Estate of Rajesh Padmaraju, Deceased,
having received her appointment from the County of Oakland, State
of Michigan Probate Court on October 10, 2002.  Attached hereto
as Exhibit "A" is a copy of the Letters of Authority for Personal
Representative evidencing Radhika Vegesna's appointment as the
Personal Representative of the Estate of Rajesh Padmaraju.

    2)   Radhika Vegesna, as a consequence of her appointment as
the personal representative of the Estate of Rajesh Padmaraju,
made reference to in the previous Paragraph of this Complaint, is
the proper party to act as the named party Plaintiff for the



**EXHIBIT**

"A"

c.c.4o 9-25-03

Wrongful Death and Survival Act claims set forth in this Complaint.

3) Radhika Vegesna is a resident and citizen of the Country of India, having a principal place of residence at all material times to the events giving rise to this action at 501 Green Park, Apt. 7-1-300, Sanjeena R.N. Hydabad, India 500038.

4) The decedent, Rajesh Padmaraju, as of the time of his death, was a citizen, resident and domicile of the Commonwealth of Massachusetts, having a principal place of residence at all material times to the events giving rise to this action at 54 Harley Drive, Apt. #8, Worcester, Massachusetts 01606.

5) Defendant, IDS Transportation Company, Inc., upon information and belief, is a corporation organized under the laws of the State of Oklahoma, having its principal place of business at 3033 North Walnut Avenue, Suite W219, Oklahoma City, Oklahoma 73105.

6) Defendant Mandeep Singh, is a resident and citizen of the State of California, having a place of residence at all material times to the events giving rise to this action at 1639 Hooper Road, Yuba City, California 95991.

7) Defendant, Saminder Singh, is a resident and citizen of the State of Oklahoma, having a principal place of residence at all material times to the events giving rise to this action at 3033 North Walnut Avenue, Suite W219, Oklahoma City, Oklahoma 73105.

2

8)   .If the Defendant previously identified as ISD was not a corporation, as alleged in Paragraph 4 of this Complaint, it is alleged that at all material times the Defendant, Saminder Singh, was doing business as ISD Transportation Company, Inc.

9)   Jurisdiction for this action and the claims set forth in these Counts are based on complete diversity of citizenship between the parties, with an allegation that the damages claimed are in excess of $75,000.00, per 28 U.S.C. 1332(a), et al.

10)   Venue for this action is properly in this Court and premised on the allegations that the negligent and reckless conduct of the Defendants causing the death of the deceased and his death all occurred in Erie County, Pennsylvania, per 28 U.S.C. 1391(a)(2).

11)   At all material times to the events set forth in this Complaint, each of the Defendants was regularly conducting business in the Commonwealth of Pennsylvania without first registering with the Secretary of State of the Commonwealth of Pennsylvania as a foreign corporation.

## COUNT ONE

(VEGESNA V. ISD TRANSPORTATION COMPANY, INC.)

12)   The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

13)   The Defendant in this Count is ISD Transportation Company, Inc., previously identified, hereinafter referred to as "ISD".

3

14) This Count is brought as a wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. 8301, or pursuant to the Wrongful Death Act of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts applicable to recovery for damages for the wrongful death of the deceased.

15) The beneficiaries and/or the next of kin who are entitled to recover Wrongful Death Act damages generally include the following:

   (a) Janshi Jampana, Mother

   (b) Radhika Vegesna, Sister

   (c) Rajyalalakshmi Bhupatiraju, Sister

16) On October 5, 2001, after hours of darkness, the Plaintiff's decedent suffered fatal injuries on or near the westbound lanes of Interstate 90 in Erie County, Pennsylvania, near exit 8. Just prior to receiving these fatal injuries, he had just exited his stationary lighted westbound vehicle at, on or near the shoulder of the northern most westbound lane of Interstate 90 after his vehicle had incurred a mechanical and/or engine failure, preventing its further operation.

17) At the time and place, set forth above, agents and employees of the Defendant, ISD, acting within the scope of authority given to them by ISD, negligently, carelessly and recklessly operated a tractor-trailer into the back of a lighted stationary or slow moving vehicle in the northern most westbound

4

lanes of Interstate 90 behind, or east, of Plaintiff's decedent's vehicle, all of which collision caused this other stationary or slow moving vehicle to strike the deceased, who as then a pedestrian, causing the fatal injuries giving rise to this action.

18)    Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

> (a)    Funeral, burial and related expenses;
>
> (b)    The loss of financial support which the beneficiaries would have received from the deceased over his and their life expectancies;
>
> (c)    Such other damages recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, ISD TRANSPORTATION COMPANY, INC., in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

## COUNT TWO

### (VEGENSA V. ISD)

19)    The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

20)    The Defendant in this Count is ISD, previously identified.

21)    This Count is brought as a survival action pursuant to the Pennsylvania law, 42 Pa.C.S.A. 8302, and/or pursuant to either the survival action or wrongful death action of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts to this action.

22)    The negligence, carelessness and recklessness of ISD, through the acts of its agents and employees, previously described in Paragraph #15 of this Complaint, was the cause of the death of the deceased on October 5, 2001.

23)    Claim is made in this Count for all damages recoverable under the Pennsylvania survival action, and/or such other survival or wrongful death actions the Court applies and believes has the most significant contacts, and includes, but is not limited to, a claim for damages for:

      (a)    The conscious pain, suffering and inconvenience the deceased incurred from the time of his fatal injuries until the time of his death;

      (b)    The hospital and medical expenses his estate incurred for the deceased's care and treatment from the time of his fatal injuries until the time of his death;

      (c)    The loss of the deceased's future net earning power over his life expectancy;

6

(d)   Such other damages which are recoverable under the
controlling law.

WHEREFORE, Plaintiff makes claim for damages against the
Defendant, ISD TRANSPORTATION COMPANY, INC., in an amount in
excess of $75,000.00, with interest and costs to be awarded in
her favor.

<u>COUNT THREE</u>

(VEGESNA V. MANDEEP SINGH)

24)   The allegations contained in the previous Paragraphs of
this Complaint are incorporated into this Count by virtue of this
Paragraph as if set forth in full.

25)   The Defendant in this Count is Mandeep Singh,
previously identified.

26)   This Count is brought as a wrongful death action
pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A.
8301, or pursuant to the Wrongful Death Act of such other state
or commonwealth, including the Commonwealth of Massachusetts,
which the Court finds has the most significant contacts
applicable to the recovery for damages for the wrongful death of
the deceased.

27)   At the time and place, set forth above, Mandeep Singh
negligently, carelessly and recklessly operated a tractor-trailer
into the back of a lighted stationary or slow moving vehicle in
the northern most westbound lanes of Interstate 90, or east of
decedent's vehicle, all of which collision caused this other

stationary or slow moving vehicle to strike the deceased, causing the fatal injuries to the deceased, giving rise to this action.

28) Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

     (a)  Funeral, burial and related expenses;

     (b)  The loss of financial support which the beneficiaries would have received from the deceased over his and their life expectancies;

     (c)  Such other damages recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, MANDEEP SINGH, in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

### COUNT FOUR

#### (VEGESNA V. MANDEEP SINGH)

29) The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

30) The Defendant in this Count is Mandeep Singh, previously identified.

31) This Count is brought as a survival action, pursuant to the Pennsylvania law, 42 Pa.C.S.A. 8302, and/or pursuant to either the survival action or wrongful death action of such other

8

state or commonwealth, including the Commonwealth of
Massachusetts, which the Court finds has the most significant
contacts to this action.

32)    The Defendant, Mandeep Singh, negligent, careless and
reckless acts, previously described in Paragraph #25 of this
Complaint, was the cause of the death of the deceased on October
5, 2001.

33)    Claims is made in this Count for all damages
recoverable under the Pennsylvania survival action, and/or such
other wrongful death or survival actions the Court applies and
believes has the most significant contacts, and includes, but is
not limited to, a claim for damages for:

    (a)   The conscious pain, suffering and inconvenience
          the deceased incurred from the time of his fatal
          injuries until the time of his death;

    (b)   The hospital and medical expenses his estate
          incurred for the deceased's care and treatment
          from the time of his fatal injuries until the time
          of his death;

    (c)   The loss of the deceased's future net earning
          power over his life expectancy;

    (d)   Such other damages which are recoverable under the
          controlling law.

WHEREFORE, Plaintiff makes claim for damages against the
Defendant, MANDEEP SINGH, in an amount in excess of $75,000.00,
with interest and costs to be awarded in her favor.

## COUNT FIVE

(VEGESNA V. SAMINDER SINGH, and
SAMINDER SINGH, d/b/a
ISD TRANSPORTATION COMPANY, INC.)

34)   The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

35)   The Defendant in this Count is Saminder Singh, previously identified, and/or alleged in Paragraph 7 of this Complaint as Saminder Singh, d/b/a ISD Transportation Company, Inc.

36)   This Count is brought as a wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. 8301, or pursuant to the Wrongful Death Act of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts applicable to the recovery for damages for the wrongful death of the deceased.

37)   At all material times to the events giving rise to this action, the Defendants, ISD, and/or Mandeep Singh, were acting as the agents for and on behalf of the Defendant, Saminder Singh, the owner of ISD and the tractor-trailer involved in this fatality, and acting within the scope of authority given to them by the Defendant, Saminder Singh.

38)   At the time and place, set forth above, the agents acting for and on behalf of the Defendants, Saminder Singh and/or Saminder Singh, d/b/a ISD Transportation Company, Inc., acting

10

within the scope of authority given them by the Defendants,
Samindar Singh and Saminder Singh, d/b/a ISD Transportation
Company, Inc., negligently, carelessly and recklessly operated a
tractor-trailer into the back of a lighted stationary or slow
moving vehicle in the northern most westbound lanes of Interstate
90, or east of decedent's vehicle, all of which collision caused
this other stationary or slow moving vehicle to strike the
deceased, causing the fatal injuries to the deceased, giving rise
to this action.

39)    Plaintiff makes claim in this Count for all damages
recoverable under the Pennsylvania Wrongful Death Act, and/or any
other Wrongful Death Act, including that of the Commonwealth of
Massachusetts, for all damages recoverable under the controlling
law including, but not limited to, the following:

(a)    Funeral, burial and related expenses;

(b)    The loss of financial support which the
beneficiaries would have received from the
deceased over his and their life expectancies;

(c)    Such other damages recoverable under the
controlling law.

WHEREFORE, Plaintiff makes claim for damages against the
Defendants, SAMINDER SINGH and SAMINDER SINGH, d/b/a ISD
TRANSPORTATION COMPANY, INC., in an amount in excess of
$75,000.00, with interest and costs to be awarded in her favor.

11

## COUNT SIX

(VEGESNA V. SAMINDER SINGH, and
SAMINDER SINGH, d/b/a
ISD TRANSPORTATION COMPANY, INC.)

40)    The allegations contained in the previous Paragraphs of
this Complaint are incorporated into this Count by virtue of this
Paragraph as if set forth in full.

41)    The Defendant in this Count is Saminder Singh,
previously identified, and/or as alleged in Paragraph 7 of this
Complaint, Saminder Singh, d/b/a ISD Transportation Company, Inc.

42)    This Count is brought as a survival action pursuant to
the Pennsylvania law, 42 Pa.C.S.A. 8302, and/or pursuant to
either the survival action or wrongful death action of such other
state or commonwealth, including the Commonwealth of
Massachusetts, which the Court finds has the most significant
contacts to this action.

43)    The negligent, careless and reckless acts of the agents
of the Defendants, Saminder Singh and Saminder Singh, d/b/a ISD
Transportation Company, Inc., acting within the scope of
authority given them by the Defendants, Saminder Singh and
Saminder Singh, d/b/a ISD Transportation Company, Inc.,
previously described in Paragraph #37 of this Complaint, was the
cause of the death of the deceased on October 5, 2001.

44)    Claim is made in this Count for all damages recoverable
under the Pennsylvania survival action, and/or such other
survival action the Court applies and believes has the most

12

significant contacts, and includes, but is not limited to, a claim for damages for:

    (a)   The conscious pain, suffering and inconvenience the deceased incurred from the time of his fatal injuries until the time of his death;

    (b)   The hospital and medical expenses his estate incurred for the deceased's care and treatment from the time of his fatal injuries until the time of his death;

    (c)   The loss of the deceased's future net earning power over his life expectancy;

    (d)   Such other damages which are recoverable under the controlling law.

    WHEREFORE, Plaintiff makes claim for damages against the Defendants, SAMINDER SINGH and SAMINDER SINGH, d/b/a ISD Transportation Company, Inc., in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor. JURY TRIAL DEMANDED.

                      Respectfully submitted,

                      CONNER RILEY & FRYLING

                      BY _Andrew J. Conner_
                      ANDREW J. CONNER, ESQUIRE
                      ATTORNEY FOR PLAINTIFF
                      17 West Tenth Street
                      P.O. Box 860
                      Erie, PA 16512-0860
                      (814) 453-3343

DATED:  September 16, 2003.

RADHIKA VEGESNA, Personal    :    IN THE COURT OF COMMON PLEAS
Representative of the ESTATE :
OF RAJESH PADMARAJU, Deceased :   OF ERIE COUNTY, PENNSYLVANIA
Plaintiff                    :
                             :
            VS.              :
                             :
ISD TRANSPORTATION COMPANY,  :
INC., SAMINDER SINGH,        :
SAMINDER SINGH, d/b/a ISD    :
TRANSPORTATION COMPANY,      :
MANDEEP SINGH, and           :
GURMINDER SINGH, Defendants  :    NO. 14056 - 2003


N O T I C E


TO:   ISD TRANSPORTATION COMPANY, INC.          MANDEEP SINGH
      SAMINDER SINGH                            285 Burns Court
      SAMINDER SINGH, d/b/a                     Shafter, CA 93263
      ISD TRANSPORTATION COMPANY
      c/o MARK F. McKENNA, ESQUIRE              GURMINDER SINGH
      436 Boulevard of the Allies               3105 Slaterfield Ave.
      Suite 500                                 Bakersfield, CA 93313
      Pittsburgh, PA 15219-1314


You have been sued in Court.  If you wish to defend against the
claims set forth in the following pages, you must take action
within twenty (20) days after this Complaint and Notice are
served, by entering a written appearance personally or by
attorney and filing in writing with the Court your defenses or
objections to the claims set forth against you.  You are warned
that if you fail to do so the case may proceed without you and a
judgment may be entered against you by the Court without further
notice for any money claimed in the Complaint or for any other
claim or relief requested by the Plaintiff.  You may los money or
property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A
LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers Referral Service
302 West Ninth Street
Erie, Pennsylvania  16502
(814) 459-4411


BY _Andrew J. Conner_
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFF
CONNER RILEY & FRYLING
17 West Tenth Street
P.O. Box 860
Erie, PA  16512-0860
(814) 453-3343

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal          :
Representative of the ESTATE       :
OF RAJESH PADMARAJU, Deceased      :
Plaintiff                          :
                                   :
              VS.                  :         NO. 03-317 E   RECEIVED
                                   :
SAMINDER SINGH and SAMINDER        :                        OCT - 3 2003
SINGH, d/b/a ISD                   :
TRANSPORTATION COMPANY,            :
Defendant                          :                    CLERK U.S. DISTRICT COURT
                                                        WEST. DIST. OF PENNSYLVANIA

C O M P L A I N T

AND NOW comes the Plaintiff, RADHIKA VEGESNA, Personal

Representative of the ESTATE OF RAJESH PADMARAJU, Deceased, by

her counsel, ANDREW J. CONNER of CONNER RILEY & FRYLING, 17 West

Tenth Street, P.O. Box 860, Erie, Pennsylvania 16512-0860, and

files this Complaint against the above-named Defendant, alleging

as follows:

   1)   Radhika Vegesna is the duly appointed personal

representative of the Estate of Rajesh Padmaraju, Deceased,

having received her appointment from the County of Oakland, State

of Michigan Probate Court on October 10, 2002.  Attached hereto

as Exhibit "A" is a copy of the Letters of Authority for Personal

Representative evidencing Radhika Vegesna's appointment as the

Personal Representative of the Estate of Rajesh Padmaraju.

   2)   Radhika Vegesna, as a consequence of her appointment as

the personal representative of the Estate of Rajesh Padmaraju,

made reference to in the previous Paragraph of this Complaint, is

the proper party to act as the named party Plaintiff for the

Wrongful Death and Survival Act claims set forth in this Complaint.

3) Radhika Vegesna is a resident and citizen of the Country of India, having a principal place of residence at all material times to the events giving rise to this action at 501 Green Park, Apt. 7-1-300, Sanjeena R.N. Hydabad, India 500038.

4) The decedent, Rajesh Padmaraju, as of the time of his death, was a citizen, resident and domicile of the Commonwealth of Massachusetts, having a principal place of residence at all material times to the events giving rise to this action at 54 Harley Drive, Apt. #8, Worcester, Massachusetts 01606.

5) Defendant, Saminder Singh, is a resident and citizen of the State of California, having a place of residence and business at all material times to the events giving rise to this action at 3105 Slaterfield Avenue, Bakersfield, California 93313.

6) Defendant, Saminder Singh, at all material times to the events alleged in this Complaint, was doing business at ISD Transportation Company, maintaining a place of business at 3105 Slaterfield Avenue, Bakersfield, California 93313.

7) Jurisdiction for this action and the claims set forth in these Counts are based on complete diversity of citizenship between the parties, with an allegation that the damages claimed are in excess of $75,000.00, per 28 U.S.C. 1332(a), et al.

8) Venue for this action is properly in this Court and premised on the allegations that the negligent and reckless conduct of the Defendants causing the death of the deceased and

2

his death all occurred in Erie County, Pennsylvania, per 28 U.S.C. 1391(a)(2).

9)    At all material times to the events set forth in this Complaint, the Defendant was regularly conducting business in the Commonwealth of Pennsylvania without first registering with the Secretary of State of the Commonwealth of Pennsylvania as a foreign corporation.

<u>COUNT ONE</u>

10)    The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

11)    This Count is brought as a wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. 8301, or pursuant to the Wrongful Death Act of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts applicable to recovery for damages for the wrongful death of the deceased.

12)    The beneficiaries and/or the next of kin who are entitled to recover Wrongful Death Act damages generally include the following:

(a)    Janshi Jampana, Mother

(b)    Radhika Vegesna, Sister

(c)    Rajyalalakshmi Bhupatiraju, Sister

13)    At the time and place, set forth above, Defendant negligently, carelessly and recklessly operated a tractor-trailer

3

into the back of a lighted stationary or slow moving vehicle in the northern most westbound lanes of Interstate 90, or east of decedent's vehicle, all of which collision caused this other stationary or slow moving vehicle to strike the deceased, causing the fatal injuries to the deceased, giving rise to this action.

14)    Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

    (a)    Funeral, burial and related expenses;

    (b)    The loss of financial support which the beneficiaries would have received from the deceased over his and their life expectancies;

    (c)    Such other damages recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendants, *SAMINDER SINGH* and *SAMINDER SINGH*, d/b/a ISD TRANSPORTATION COMPANY, in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

## COUNT TWO

15)    The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

16)    This Count is brought as a survival action, pursuant to the Pennsylvania law, 42 Pa.C.S.A. 8302, and/or pursuant to

4

either the survival action or wrongful death action of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts to this action.

17)    The Defendant's negligent, careless and reckless acts, previously described in Paragraph #12 of this Complaint, were the cause of the death of the deceased on October 5, 2001.

18)    Claims is made in this Count for all damages recoverable under the Pennsylvania survival action, and/or such other wrongful death or survival actions the Court applies and believes has the most significant contacts, and includes, but is not limited to, a claim for damages for:

    (a)    The conscious pain, suffering and inconvenience the deceased incurred from the time of his fatal injuries until the time of his death;

    (b)    The hospital and medical expenses his estate incurred for the deceased's care and treatment from the time of his fatal injuries until the time of his death;

    (c)    The loss of the deceased's future net earning power over his life expectancy;

    (d)    Such other damages which are recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendants, SAMINDER SINGH and SAMINDER SINGH, d/b/a ISD

TRANSPORTATION COMPANY, , in an amount in excess of $75,000.00,

with interest and costs to be awarded in her favor.

JURY TRIAL DEMANDED.                    Respectfully submitted,

CONNER RILEY & FRYLING


BY _____
    ANDREW J. CONNER, ESQUIRE
    ATTORNEY FOR PLAINTIFF
    17 West Tenth Street
    P.O. Box 860
    Erie, PA 16512-0860
    (814) 453-3343

DATED: October 3, 2003.

# United States District Court

WESTERN                                   PENNSYLVANIA
────────────── DISTRICT OF ──────────────

RADHIKA VEGESNA, Personal Repre-
sentative of the ESTATE OF
RAJESH PADMARAJU, Deceased,
Plaintiff

      **V.**

SAMINDER SINGH and SAMINDER
SINGH, d/b/a ISD TRANSPORTATION
COMPANY, Defendants

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03·317 E

TO: (Name and Address of Defendant)

SAMINDER SINGH, d/b/a
ISD TRANSPORTATION COMPANY
3105 Slaterfield Avenue
Bakersfield, CA 93313

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

ANDREW J. CONNER, ESQURIE
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

*R.V. Barth, Jr.*

─────────────────────────
CLERK

*Nicole Kierixl*

─────────────────────────
BY DEPUTY CLERK

10/3/03
─────────────────────────
DATE

Form 1A.    Notice of Lawsuit and Request for Waiver of
            Service of Summons

TO:     SAMINDER SINGH

        (as_____ of _____)

        A lawsuit has been commenced against you (or the entity on
whose behalf you are addressed).  A copy of the Complaint is
attached to this Notice.  It has been filed in the United States
District Court for the Western District of Pennsylvania and has
been assigned Docket Number *03-311 E*    .

        This is not a formal Summons or notification from the Court
but, rather, my request that you sign and return the enclosed
waiver of service in order to save the cost of serving you with a
judicial Summons and an additional copy of the Complaint.  The
cost of service will be avoided if I receive a signed copy of the
Waiver with twenty (20) days after the date designated below as
of the date on which this Notice and Request is sent.  I enclose
a stamped and addressed envelope (or other means of cost-free
return) for your use.  An extra copy of the Waiver is also
attached for your records.

        IF you comply with this request and return the signed
Wavier, it will be filed with the Court and no Summons will be
served on you.  The action will then proceed as if you had been
served on the date the Waiver is filed, except that you will not
be obligated to answer the Complaint before 60 days from the date
designated below as the date on which this Notice is sent (or
before 90 days from that date if your address is not in any
judicial district of the United States).

        If you do not return the signed Waiver within the time
indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure
and will then, to the extent authorized by those Rules, as the
Court to require you (or the party on whose behalf you are
addressed) to pay the full costs of such service.  In that
connection, please read the statement concerning the duty of
parties to waive the service of the Summons, which is set forth
at the foot of the waiver form.

        I affirm that this request is being sent to you on behalf of
the Plaintiff, this 3rd day of October, 2003.

                                    _____
                                    ANDREW J. CONNER, ESQUIRE
                                    ATTORNEY FOR PLAINTIFF

Form 1B.
Waiver of Service of Summons

TO:     ANDREW J. CONNER, ESQUIRE

I acknowledge receipt of your request that I waive service of a
Summons in the action of RADHIKA VEGESNA, Personal Representative of
the ESTATE OF RAJESH PADMARAJU, Deceased v. SAMINDER SINGH, ET AL,
which is Case Number _03-319E_ in the United States District Court
for the Western District of Pennsylvania. I have also received a
copy of the Complaint in the action, two copies of this instrument,
and a means by which I can return the signed Waiver to you without
cost to me.

I agree to save the cost of service of a Summons and an
additional copy of the Complaint in this lawsuit by not requiring
that I (or the entity on whose behalf I am acting) be served with
judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all
defenses or objections to the lawsuit or to the jurisdiction or venue
of the Court except for objections based on a defect in the Summons
or in the service of the Summons.

I understand that a Judgment may be entered against me (or the
party on whose behalf I am acting), if an Answer or Motion per Rule 12
is not served upon you within 60 days after October 3, 2003 or within
90 days after that date if the request was sent outside the United
States.

DATED: _____            _____
                                  Signature
                                  Printed/typed named:

                                  _____
                                  as_____
                                  of_____

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to
cooperate in saving unnecessary costs of service of the Summons and Complaint. A
Defendant located in the United States who, after being notified of an action and
asked by a Plaintiff located in the United States to waive service of a Summons,
fails to do so will be required to bear the cost of such service unless good cause
be shown for its failure to sign and return the Waiver.

It is not good cause for a failure to waive service that a party believe
that the Complaint is unfounded, or that the action has been brought in an
improper place or in a Court that lacks jurisdiction over the subject matter of
the action or over its person or property. A party who waives service of the
Summons retains all defenses and objections (except any relating to the Summons or
to the service of the Summons), and may later object to the jurisdiction of the
Court or to the place where the action has been brought.

A Defendant who waives service must, within the time specific on the Waiver
form, serve on the Plaintiff's attorney (or unrepresented Plaintiff) a response to
the Complaint and must also file a signed copy of the response with the Court. If
the Answer or Motion is not served within this time, a Default Judgment may be
taken against that Defendant. By waiving service, a Defendant is allowed more
time to answer than if the Summons had been actually served when the request for
Waiver of Service was received.

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

WESTERN      **DISTRICT OF**    PENNSYLVANIA

RADHIKA VEGESNA, Personal Repre-
sentative of the ESTATE OF
RAJESH PADMARAJU, Deceased,
Plaintiff

       V.

SAMINDER SINGH and SAMINDER
SINGH, d/b/a ISD TRANSPORTATION
COMPANY, Defendant

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   O3-317

TO: (Name and Address of Defendant)

     SAMINDER SINGH
     3105 Slaterfield Avenue
     Bakersfield, CA  93313

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

     ANDREW J. CONNER, ESQUIRE
     17 West Tenth Street
     P.O. Box 860
     Erie, PA 16512-0860

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

R.V. Barth, J.

CLERK

Nicole Kier[...]

BY DEPUTY CLERK

10/3/03.

DATE

Form 1A.        Notice of Lawsuit and Request for Waiver of
                Service of Summons

TO:     SAMINDER SINGH, d/b/a
        ISD TRANSPORTATION COMPANY

        (as_____ of _____)

        A lawsuit has been commenced against you (or the entity on
whose behalf you are addressed).  A copy of the Complaint is
attached to this Notice.  It has been filed in the United States
District Court for the Western District of Pennsylvania and has
been assigned Docket Number _03-317E____.

        This is not a formal Summons or notification from the Court
but, rather, my request that you sign and return the enclosed
waiver of service in order to save the cost of serving you with a
judicial Summons and an additional copy of the Complaint.  The
cost of service will be avoided if I receive a signed copy of the
Waiver with twenty (20) days after the date designated below as
of the date on which this Notice and Request is sent.  I enclose
a stamped and addressed envelope (or other means of cost-free
return) for your use.  An extra copy of the Waiver is also
attached for your records.

        IF you comply with this request and return the signed
Wavier, it will be filed with the Court and no Summons will be
served on you.  The action will then proceed as if you had been
served on the date the Waiver is filed, except that you will not
be obligated to answer the Complaint before 60 days from the date
designated below as the date on which this Notice is sent (or
before 90 days from that date if your address is not in any
judicial district of the United States).

        If you do not return the signed Waiver within the time
indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure
and will then, to the extent authorized by those Rules, as the
Court to require you (or the party on whose behalf you are
addressed) to pay the full costs of such service.  In that
connection, please read the statement concerning the duty of
parties to waive the service of the Summons, which is set forth
at the foot of the waiver form.

        I affirm that this request is being sent to you on behalf of
the Plaintiff, this 3rd day of October, 2003.

                                ANDREW J. CONNER, ESQUIRE
                                ATTORNEY FOR PLAINTIFF

Form 1B.      Waiver       Service of Summons

TO:      ANDREW J. CONNER, ESQUIRE

I acknowledge receipt of your request that I waive service of a Summons in the action of RADHIKA VEGESNA, Personal Representative of the ESTATE OF RAJESH PADMARAJU, Deceased v. SAMINDER SINGH, ET AL, which is Case Number _03-317E_ in the United States District Court for the Western District of Pennsylvania.  I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the Summons or in the service of the Summons.

I understand that a Judgment may be entered against me (or the party on whose behalf I am acting, if an Answer or Motion per Rule 12 is not served upon you within 60 days after October 3, 2003 or within 90 days after that date if the request was sent outside the United States.

DATED: _____           _____
                                  Signature
                                  Printed/typed named:

                                  _____
                             as   _____
                             of   _____

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the Summons and Complaint.  A Defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of a Summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the Waiver.

It is not good cause for a failure to waive service that a party believe that the Complaint is unfounded, or that the action has been brought in an improper place or in a Court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the Summons retains all defenses and objections (except any relating to the Summons or to the service of the Summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A Defendant who waives service must, within the time specific on the Waiver form, serve on the Plaintiff's attorney (or unrepresented Plaintiff) a response to the Complaint and must also file a signed copy of the response with the Court.  If the Answer or Motion is not served within this time, a Default Judgment may be taken against that Defendant.  By waiving service, a Defendant is allowed more time to answer than if the Summons had been actually served when the request for Waiver of Service was received.

RADHIKA VEGESNA, Personal     :     IN THE COURT OF COMMON PLEAS
Representative of the ESTATE  :
OF RAJESH PADMARAJU, Deceased :     OF ERIE COUNTY, PENNSYLVANIA
Plaintiff                     :
                              :
           VS.                :
                              :
ISD TRANSPORTATION COMPANY,   :
INC., SAMINDER SINGH,         :
SAMINDER SINGH, d/b/a ISD     :
TRANSPORTATION COMPANY,       :
MANDEEP SINGH, and            :
GURMINDER SINGH, Defendants   :     NO. 14056 - 2003

## COMPLAINT - CIVIL ACTION

AND NOW comes the Plaintiff, RADHIKA VEGESNA, Personal

Representative of the ESTATE OF RAJESH PADMARAJU, Deceased, by

her counsel, ANDREW J. CONNER of CONNER RILEY & FRYLING, 17 West

Tenth Street, P.O. Box 860, Erie, Pennsylvania 16512-0860, and

files this Complaint against the above-named Defendants, alleging

as follows:

1)    Radhika Vegesna is the duly appointed personal

representative of the Estate of Rajesh Padmaraju, Deceased,

having received her appointment from the County of Oakland, State

of Michigan Probate Court on October 10, 2002.  Attached hereto

as Exhibit "A" is a copy of the Letters of Authority for Personal

Representative evidencing Radhika Vegesna's appointment as the

Personal Representative of the Estate of Rajesh Padmaraju.

2)    Radhika Vegesna, as a consequence of her appointment as

the personal representative of the Estate of Rajesh Padmaraju,

made reference to in the previous Paragraph of this Complaint, is

the proper party to act as the named party Plaintiff for the Wrongful Death and Survival Act claims set forth in this Complaint.

3)    Radhika Vegesna is a resident and citizen of the Country of India, having a principal place of residence at all material times to the events giving rise to this action at 501 Green Park, Apt. 7-1-300, Sanjeena R.N. Hydabad, India 500038.

4)    The decedent, Rajesh Padmaraju, as of the time of his death, was a resident of the Michigan, having just moved from a residence at 54 Harley Drive, Apt. #8, Worcester, Massachusetts 01606.

5)    Defendant, Saminder Singh, is a resident and citizen of the State of Oklahoma, having a principal place of residence at all material times to the events giving rise to this action at 3033 North Walnut Avenue, Suite W219, Oklahoma City, Oklahoma 73105.

6)    It is alleged that at all material times to the events alleged in this Complaint, the Defendant, Saminder Singh, was doing business and conducting an interstate truck and transportation business under the name of ISD Transportation Company.

7)    Defendant, Mandeep Singh, is a resident and citizen of the State of California, having a place of residence at all material times to the events giving rise to this action at 1639 Hooper Road, Yuba City, California 95991.

2

8)    Defendant, Gurminder Singh, is a resident and citizen of the State of California, having a place of residence at all material times to the events giving rise to this action at 3105 Slaterfield Avenue, Bakersfield, CA 93313.

9)    At all material times to the events set forth in this Complaint, each of the Defendants was regularly conducting business in the Commonwealth of Pennsylvania without first registering with the Secretary of State of the Commonwealth of Pennsylvania as a foreign corporation.

<u>COUNT ONE</u>

(VEGESNA V. SAMINDER SINGH, d/b/a
ISD TRANSPORTATION COMPANY)

10)    The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

11)    The Defendant in this Count is Saminder Singh, d/b/a ISD Transportation Company, previously identified, hereinafter referred to as "ISD".

12)    This Count is brought as a wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. 8301, or pursuant to the Wrongful Death Act of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts applicable to recovery for damages for the wrongful death of the deceased.

3

13)    The beneficiaries and/or the next of kin who are
entitled to recover Wrongful Death Act damages generally include
the following:

(a)    Janshi Jampana, Mother

(b)    Radhika Vegesna, Sister

(c)    Rajyalalakshmi Bhupatiraju, Sister

14)    On October 5, 2001, after hours of darkness, the
Plaintiff's decedent suffered fatal injuries on or near the
westbound lanes of Interstate 90 in Erie County, Pennsylvania,
near exit 8.  Just prior to receiving these fatal injuries, he
had just exited his stationary lighted westbound vehicle at, on
or near the shoulder of the northern most westbound lane of
Interstate 90 after his vehicle had incurred a mechanical and/or
engine failure, preventing its further operation.

15)    At the time and place, set forth above, independent
contractors, agents and employees of the Defendant, Saminder
Singh, acting within the scope of authority given to them by
Saminder Singh, operating a tractor-trailer in a line of traffic
without keeping a safe distance behind the traffic traveling
immediately in front of him in the same westbound lanes of travel
on Interstate 90, negligently, carelessly, recklessly and acting
with gross negligence, operated that tractor-trailer into the
back of a lighted stationary or slow moving vehicle in the
northern most westbound driving lane of Interstate 90 behind, or
east, of Plaintiff's decedent's vehicle.  This collision caused
this other stationary or slow moving vehicle to strike the

4

deceased's vehicle and the deceased, who was then a pedestrian, causing him to suffer the fatal injuries giving rise to this action.

16)    The Defendant, Saminder Singh and Saminder Singh, d/b/a ISD Transportation Company, his independent contractors, agents and employees were specifically negligent, careless, reckless and acted with gross negligence in causing the collisions and the deceased's fatality, described in the previous Paragraph of this Compliant, in the following respects:

(a)    They were violating the Pennsylvania Assured Clear Distance Ahead Rule, 75 Pa.C.S.A. 3361;

(b)    They were traveling too fast for the conditions then and there existing in the westbound lanes of Interstate 90;

(c)    They were tailgating, or failing to keep a safe distance behind westbound traffic on Interstate 90 traveling in the westbound lanes, in violation of 75 Pa.C.S.A. 3310;

(d)    They failed to keep a proper lookout ahead for slow moving and/or stationary traffic;

(e)    They were traveling too fast for the conditions then and there prevailing on Interstate 90;

(f)    They failed to timely observe the lighted slow moving traffic in the westbound driving lane of Interstate 90;

(g)    They failed to timely observe the stationary vehicle of the deceased at or near the berm of the westbound lanes of Interstate 90;

5

(h)   They failed to return to the left and into the passing westbound lane of Interstate 90, so as to avoid slow moving traffic in the westbound driving lane of travel; and

(i)   They were operating their vehicle in violation of the ICC and other federal standards regulating the hours of continuous operation of a tractor-trailer in interstate commerce.

17)   Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

(a)   Funeral, burial and related expenses;

(b)   The loss of financial support which the beneficiaries would have received from the deceased over his and their life expectancies;

(c)   Such other damages recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, SAMINDER SINGH and SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY, INC., in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

6

COUNT TWO

(VEGENSA V. SAMINDER SINGH and
SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY)

18)    The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

19)    The Defendant in this Count is Saminder Singh and Saminder Singh, d/b/a ISD Transportation Company, previously identified.

20)    This Count is brought as a survival action pursuant to the Pennsylvania law, 42 Pa.C.S.A. 8302, and/or pursuant to either the survival action or wrongful death action of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts to this action.

21)    The negligence, carelessness, recklessness and acts of gross negligence of Saminder Singh and Saminder Singh, d/b/a ISD Transportation Company, through the acts of its agents and employees, previously described in Paragraphs 15 and 16 of this Complaint, was the cause of the death of the deceased on October 5, 2001.

22)    Claim is made in this Count for all damages recoverable under the Pennsylvania survival action, and/or such other survival or wrongful death actions the Court applies and believes has the most significant contacts, and includes, but is not limited to, a claim for damages for:

7

(a)  The conscious pain, suffering and inconvenience the deceased incurred from the time of his fatal injuries until the time of his death;

(b)  The hospital and medical expenses his estate incurred for the deceased's care and treatment from the time of his fatal injuries until the time of his death;

(c)  The loss of the deceased's future net earning power over his life expectancy;

(d)  Such other damages which are recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, SAMINDER SINGH and SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY, INC., in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

## COUNT THREE

### (VEGESNA V. SAMINDER SINGH)

24)  The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

25)  The Defendant in this Count is Saminder Singh, previously identified.

26)  This Count is brought as an "alternative pleading" to Count One of this Complaint, per Pa.R.C.P. 1020.

8

27)    On information and belief and in reliance upon information contained in the report of the Erie County, Pennsylvania Coroner's Office's official investigation of this fatality, it is alleged that the Defendant, Saminder Singh, was also the driver of the tractor-trailer owned by himself, d/b/a ISD Transportation Company.

28)    At the time and place, set forth above, Saminder Singh negligently, carelessly, recklessly and acting with gross negligence operated his tractor-trailer into the back of a lighted stationary or slow moving vehicle in the northern most westbound lanes of Interstate 90, or east of decedent's vehicle, all of which collision caused this other stationary or slow moving vehicle to strike the deceased, causing the fatal injuries to the deceased, giving rise to this action.

29)    The Defendant, Saminder Singh, was specifically negligent, careless, reckless and acted with gross negligence in causing the collisions and the deceased's fatality, described in the previous Paragraph of this Compliant, in the following respects:

(a)   Violating the Pennsylvania Assured Clear Distance Ahead Rule, 75 Pa.C.S.A. 3361;

(b)   Traveling too fast for the conditions then and there existing in the westbound lanes of Interstate 90;

(c)   Tailgating and failing to keep a safe distance behind westbound traffic on Interstate 90 traveling in the westbound driving lane, in violation of 75 Pa.C.S.A. 3310;

9

(d)    Failing to keep a proper lookout ahead for slow moving and/or stationary traffic;

(e)    Traveling too fast for the conditions then and there prevailing on Interstate 90;

(f)    Failing to timely observe the lighted slow moving traffic in the westbound driving lane of Interstate 90;

(g)    Failing to timely observe the stationary vehicle of the deceased at or near the berm of the westbound lanes of Interstate 90;

(h)    Failing to return to the left and into the westbound passing lane of Interstate 90, so as to avoid slow moving traffic in the westbound driving lane of travel; and

(i)    Operating this tractor-trailer in violation of the ICC and other federal standards regulating the hours of continuous operation of a tractor-trailer in interstate commerce.

30)    Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

(a)    Funeral, burial and related expenses;

(b)    The loss of financial support which the beneficiaries would have received from the deceased over his and their life expectancies;

(c)    Such other damages recoverable under the controlling law.

10

WHEREFORE, Plaintiff makes claim for damages against the Defendant, SAMINDER SINGH, in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

COUNT FOUR

(VEGESNA V. SAMINDER SINGH)

31)    The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

32)    The Defendant in this Count is Saminder Singh, previously identified.

33)    This Count is brought as a survival action, pursuant to the Pennsylvania law, 42 Pa.C.S.A. 8302, and/or pursuant to either the survival action or wrongful death action of such other state or commonwealth, including the Commonwealth of Massachusetts, which the Court finds has the most significant contacts to this action.

34)    The Defendant, Saminder Singh, was negligent, careless, reckless and acted with gross negligence, as more fully described in Paragraphs 15 and 16 of this Complaint, in causing the death of the deceased on October 5, 2001.

35)    Claims is made in this Count for all damages recoverable under the Pennsylvania survival action, and/or such other wrongful death or survival actions the Court applies and believes has the most significant contacts, and includes, but is not limited to, a claim for damages for:

11

   (a)   The conscious pain, suffering and inconvenience the deceased incurred from the time of his fatal injuries until the time of his death;

   (b)   The hospital and medical expenses his estate incurred for the deceased's care and treatment from the time of his fatal injuries until the time of his death;

   (c)   The loss of the deceased's future net earning power over his life expectancy;

   (d)   Such other damages which are recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, SAMINDER SINGH, in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

## COUNT FIVE

### (VEGESNA V. MANDEEP SINGH)

36)   The allegations contained in the previous Paragraphs of this Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

37)   The Defendant in this Count is Mandeep Singh, previously identified.

38)   This Count is brought as a wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. 8301, or pursuant to the Wrongful Death Act of such other state or commonwealth, including the Commonwealth of Massachusetts,

which the Court finds has the most significant contacts
applicable to the recovery for damages for the wrongful death of
the deceased.

39)    On information and belief and in reliance upon
information provided by the representatives of the Defendant,
Saminder Singh and Saminder Singh, d/b/a ISD Transportation
Company, it is alleged that the Defendant, Mandeep Singh, was the
driver and operator of the tractor-trailer owned by the
Defendant, Saminder Singh and Saminder Singh, d/b/a ISD
Transportation Company, made reference to in the previous
Paragraphs of this Complaint.

40)    At the time and place, set forth above, Mandeep Singh
negligently, carelessly and recklessly, as more fully described
in Paragraph 15 of this Complaint, operated a tractor-trailer
into the back of a lighted stationary or slow moving vehicle in
the northern most westbound lanes of Interstate 90, or east of
decedent's vehicle, all of which collision caused this other
stationary or slow moving vehicle to strike the deceased, causing
the fatal injuries to the deceased, giving rise to this action.

41)    The Defendant, Mandeep Singh, was specifically
negligent, careless, reckless and acted with gross negligence in
causing the collisions and the deceased's fatality, described in
the previous Paragraph of this Compliant, in the following
respects:

(a)    Violating the Pennsylvania Assured Clear Distance
Ahead Rule, 75 Pa.C.S.A. 3361;

13

(b)    Traveling too fast for the conditions then and there existing in the westbound lanes of Interstate 90;

(c)    Tailgating and failing to keep a safe distance behind westbound traffic on Interstate 90 traveling in the westbound driving lane, in violation of 75 Pa.C.S.A. 3310;

(d)    Failing to keep a proper lookout ahead for slow moving and/or stationary traffic;

(e)    Traveling too fast for the conditions then and there prevailing on Interstate 90;

(f)    Failing to timely observe the lighted slow moving traffic in the westbound driving lane of Interstate 90;

(g)    Failing to timely observe the stationary vehicle of the deceased at or near the berm of the westbound lanes of Interstate 90;

(h)    Failing to return to the left and into the westbound passing lane of Interstate 90, so as to avoid slow moving traffic in the westbound driving lane of travel; and

(i)    Operating this tractor-trailer in violation of the ICC and other federal standards regulating the hours of continuous operation of a tractor-trailer in interstate commerce.

42)    Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

(a)    Funeral, burial and related expenses;

14

(b)    The loss of financial support which the
beneficiaries would have received from the
deceased over his and their life expectancies;

(c)    Such other damages recoverable under the
controlling law.

WHEREFORE, Plaintiff makes claim for damages against the
Defendant, MANDEEP SINGH, in an amount in excess of $75,000.00,
with interest and costs to be awarded in her favor.

## COUNT SIX

### (VEGESNA V. MANDEEP SINGH)

43)    The allegations contained in the previous Paragraphs of
this Complaint are incorporated into this Count by virtue of this
Paragraph as if set forth in full.

44)    The Defendant in this Count is Mandeep Singh,
previously identified.

45)    This Count is brought as a survival action, pursuant to
the Pennsylvania law, 42 Pa.C.S.A. 8302, and/or pursuant to
either the survival action or wrongful death action of such other
state or commonwealth, including the Commonwealth of
Massachusetts, which the Court finds has the most significant
contacts to this action.

46)    The Defendant, Mandeep Singh, was negligent, careless,
reckless and acted with gross negligence, and as more fully
described in Paragraph 15 of this Complaint, in causing the death
of the deceased on October 5, 2001.

15

47)    Claims is made in this Count for all damages recoverable under the Pennsylvania survival action, and/or such other wrongful death or survival actions the Court applies and believes has the most significant contacts, and includes, but is not limited to, a claim for damages for:

    (a)    The conscious pain, suffering and inconvenience the deceased incurred from the time of his fatal injuries until the time of his death;

    (b)    The hospital and medical expenses his estate incurred for the deceased's care and treatment from the time of his fatal injuries until the time of his death;

    (c)    The loss of the deceased's future net earning power over his life expectancy;

    (d)    Such other damages which are recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, MANDEEP SINGH, in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

JURY TRIAL DEMANDED.                    Respectfully submitted,

CONNER RILEY & FRYLING

BY *Andrew J. Conner*
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFF
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860
(814) 453-3343

DATED: January 15, 2004.

16

Plaintiff

VS.

ISD TRANSPORTATION COMPANY,
INC., SAMINDER SINGH,
SAMINDER SINGH, d/b/a ISD
TRANSPORTATION COMPANY,
MANDEEP SINGH, and
GURMINDER SINGH, Defendants

NO. 14056 - 2003

## V E R I F I C A T I O N

RADHIKA VEGESNA states that she is the Plaintiff in the above matter and that she has reviewed the foregoing Complaint and the facts set forth therein are true as based upon her personal knowledge or information and belief.

This statement is made and signed subject to the penalties of 18 Pa.C.S.A. 4904 relating to unsworn falsification to authorities.

_V. Radhika_
RADHIKA VEGESNA

DATED: January 12th, 2004.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Complaint were served this 15th day of January, 2004 upon the Defendants and counsel as follows:

ISD TRANSPORTATION COMPANY, INC.
SAMINDER SINGH
SAMINDER SINGH, d/b/a
ISD TRANSPORTATION COMPANY
c/o MARK F. McKENNA, ESQUIRE
436 Boulevard of the Allies
Suite 500
Pittsburgh, PA 15219-1314

MANDEEP SINGH
285 Burns Court
Shafter, CA 93263

GURMINDER SINGH
3105 Slaterfield Ave.
Bakersfield, CA 93313

Respectfully submitted,

CONNER RILEY & FRYLING

BY _____
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFF
CONNER RILEY & FRYLING
17 West Tenth Street
P.O. Box 860
Erie, PA  16512-0860
(814) 453-3343

DATED: January 15, 2004