Case 1:03-cv-00295-SJM Document 31-5 Filed 07/18/2005 Page 1 of 2

before notice of the first letters are not void for want of validity of appointment.

**History:**
Pub Acts 1998, No. 386, § 3702, by § 8101 eff April 1, 2000 (see § 700.8101).

**Research references:**
31 Am Jur 2d, Executors and Administrators § 376.

**§ 700.3703. General duties; relation and liability to persons interested in estate; standing to sue; accounting.** [MSA § 27.13703]

Sec. 3703. (1) A personal representative is a fiduciary who shall observe the standard of care applicable to a trustee as described by section 7302. A personal representative is under a duty to settle and distribute the decedent's estate in accordance with the terms of a probated and effective will and this act, and as expeditiously and efficiently as is consistent with the best interests of the estate. The personal representative shall use the authority conferred by this act, the terms of the will, if any, and an order in a proceeding to which the personal representative is party for the best interests of claimants whose claims have been allowed and of successors to the estate.

(2) A personal representative shall not be surcharged for acts of administration or distribution if the conduct in question was authorized at the time. Subject to other obligations of administration, an informally probated will is authority to administer and distribute the estate according to the will's terms. Whether issued in an informal or formal proceeding, an order of appointment of a personal representative is authority to distribute apparently intestate property to the decedent's heirs if, at the time of distribution, the personal representative is not aware of a pending testacy proceeding, a proceeding to vacate an order entered in an earlier testacy proceeding, a formal proceeding questioning the personal representative's appointment or fitness to continue, or a supervised administration proceeding. Nothing in this section affects the personal representative's duty to administer and distribute the estate in accordance with the rights of a claimant whose claim has been allowed, the surviving spouse, a minor or dependent child, or a pretermitted child of the decedent as described elsewhere in this act.

(3) Except as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death.

(4) The personal representative shall keep each presumptive distributee informed of the estate settlement. Until a beneficiary's share is fully distributed, the personal representative shall annually, and upon completion of the estate settlement, account to each beneficiary by supplying a statement of the activities of the estate





and of the personal r
disbursements and ide

**History:**
Pub Acts 1998, No.
§ 700.8101).

**Statutory references:**
Section 7302, above re

**Research references:**
31 Am Jur 2d, Execut

**§ 700.3704. Persona
court order; exceptio**

Sec. 3704. A personal
with the settlement a
except as otherwise sp
personal representative
tion of the court. Howe
the court's jurisdiction
resolve a question conc

**History:**
Pub Acts 1998, No.
§ 700.8101).

**§ 700.3705. Duty of p
heirs and devisees;**
§ 27.13705]

Sec. 3705. (1) Not late
tive's appointment or oth
representative, except a
notice of the appointme
except those who have e
ing, if there has been
personal representative
decedent died intestate,
application for appointme
trustee of a trust descr
decedent was settlor. Th
notice by personal servic
person required to rece
address is reasonably a
However, the personal r
person who was adjudica
have no interest in the est
must be in a form approve
all of the following inform

(a) That the court wi
tive. This statement sh
made in a supervised pr

EXHIBIT
"C"
tabbies

t void for want of validity of

8101 eff April 1, 2000 (see

.tors § 376.

**ɔn and liability to persons ɒ sue; accounting.** [MSA

tive is a fiduciary who shall e to a trustee as described by ɜ is under a duty to settle and ɔordance with the terms of a ıct, and as expeditiously and st interests of the estate. The ɜ authority conferred by this l an order in a proceeding to party for the best interests of owed and of successors to the

not be surcharged for acts of onduct in question was autho- igations of administration, an to administer and distribute erms. Whether issued in an ɜr of appointment of a personal ute apparently intestate prop- the time of distribution, the of a pending testacy proceed- entered in an earlier testacy tioning the personal represen- ıtinue, or a supervised admin- s section affects the personal and distribute the estate in ıimant whose claim has been inor or dependent child, or a described elsewhere in this act. does not survive the decedent's a decedent domiciled in this ːng to sue and be sued in the of another jurisdiction as the leath.

shall keep each presumptive ɜttlement. Until a beneficiary's nal representative shall annu- ate settlement, account to each ıt of the activities of the estate



and of the personal representative, specifying all receipts and disbursements and identifying property belonging to the estate.

**History:**
Pub Acts 1998, No. 386, § 3703, by § 8101 eff April 1, 2000 (see § 700.8101).

**Statutory references:**
Section 7302, above referred to, is § 700.7302.

**Research references:**
31 Am Jur 2d, Executors and Administrators §§398, 404—406.

**§ 700.3704. Personal representative to proceed without court order; exception.** [MSA § 27.13704]

Sec. 3704. A personal representative shall proceed expeditiously with the settlement and distribution of a decedent's estate and, except as otherwise specified or ordered in regard to a supervised personal representative, do so without adjudication, order, or direction of the court. However, the personal representative may invoke the court's jurisdiction in a proceeding authorized by this act to resolve a question concerning the estate or its administration.

**History:**
Pub Acts 1998, No. 386, § 3704, by § 8101 eff April 1, 2000 (see § 700.8101).

**§ 700.3705. Duty of personal representative; information to heirs and devisees; notice to attorney general.** [MSA § 27.13705]

Sec. 3705. (1) Not later than 28 days after a personal representative's appointment or other time specified by court rule, the personal representative, except a special personal representative, shall give notice of the appointment to the decedent's heirs and devisees, except those who have executed a written waiver of notice, including, if there has been no formal testacy proceeding and if the personal representative is appointed on the assumption that the decedent died intestate, the devisees in a will mentioned in the application for appointment of a personal representative and to the trustee of a trust described in section 7501(1) as to which the decedent was settlor. The personal representative shall give the notice by personal service or by ordinary first-class mail to each person required to receive notice under this subsection whose address is reasonably available to the personal representative. However, the personal representative is not required to notify a person who was adjudicated in a prior formal testacy proceeding to have no interest in the estate. The notice required under this section must be in a form approved by the supreme court and must include all of the following information:

(a) That the court will not supervise the personal representative. This statement shall not be included if the appointment is made in a supervised proceeding under part 5 of this article.