## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal
Representative of the Estate of RAJESH
PADMARAJU, Deceased,

NO. 03-295 ERIE
NO. 03-317 ERIE
NO. 04-34 ERIE

       Plaintiff,

       vs.

ISD TRANSPORTATION COMPANY,
INC., et al.

       Defendants.

## DEFENDANTS ISD TRANSPORTATION COMPANY, INC., SAMINDER SINGH and SAMINDER SINGH d/b/a ISD TRANSPORTATION COMPANY, INC'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW, come the Defendants, ISD Transportation Company, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh, and Saminder Singh d/b/a ISD Transportation Company, Inc., by and through their attorneys, McKENNA & CHIODO, P.C., and file the following Brief in Support of their Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support thereof aver as follows:

### I. STATEMENT OF RELEVANT FACTS

Plaintiff, Radhika Vegesna, Personal Representative of the Estate of Rajesh Padmaraju, Deceased (hereinafter referred to as "Plaintiff"), initiated the instant action on September 15, 2003, against Defendants, ISD Transportation Company, Inc., Saminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc., seeking recovery for the wrongful death of Rajesh Padmaraju (hereinafter referred to as "Plaintiff's Decedent."). (A true and correct copy of Plaintiff's Complaint, filed September 15, 2003, is attached hereto and marked as Exhibit"A".)  Also, Plaintiff initiated another action against Defendants, Saminder Singh and Saminder Singh d/b/a ISD Transportation

Company, Inc., on October 3, 2003, seeking recovery for the wrongful death of Plaintiff's Decedent. (A true and correct copy of Plaintiff's Complaint, filed October 3, 2003, is also attached hereto and marked as Exhibit"A".)  Plaintiff filed a third action against Defendants, Saminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc., on January 15, 2004, which also sought recovery for the wrongful death of Plaintiff's Decedent, after the Commonwealth of Pennsylvania granted Plaintiff Ancillary Letters of Administration for Plaintiff's decedent's estate.  (A true and correct copy of Plaintiff's Complaint, filed in January 15, 2004, is attached hereto and marked as Exhibit "A".)  Each of Plaintiff's actions to seek recovery for the wrongful death of Plaintiff's Decedent, whose death occurred on October 5, 2001 in Erie County, Pennsylvania were consolidated together for discovery and trial pursuant to this Honorable Court's Order, dated, February 19, 2004. (Each of Plaintiff's actions to seek recovery for the wrongful death of Plaintiff's Decedent, whose death occurred on October 5, 2001 in Erie County, Pennsylvania were consolidated together for discovery and trial pursuant to this Honorable Court's Order, dated, February 19, 2004.  ( Exhibit "A", ¶¶10, 16.)

Plaintiff's Decedent was fatally injured on October 5, 2001 in an accident occurring on Interstate 90 in Erie County, Pennsylvania. (Exhibit "A", ¶16.)  At the time of his death, Plaintiff's Decedent was a resident of the Commonwealth of Massachusetts. (Exhibit "A", ¶4.)

Prior to the initiation of the instant litigation, Plaintiff was duly appointed as the personal representative of Plaintiff's Decedent's Estate, with that appointment being granted by the Probate Court in Oakland County, Michigan. (Exhibit "A", ¶1.)       Upon information and belief, an Estate was not opened on Plaintiff's Decedent's behalf in the Commonwealth of Massachusetts at any time prior to October 5, 2003.

2

For the reasons set forth herein, Michigan law did not authorize Plaintiff to initiate, nor does it authorize Plaintiff to maintain, this action in the Commonwealth of Pennsylvania. Plaintiff then opened an estate in Erie County, Commonwealth of Pennsylvania on January 14, 2004. Plaintiff's Decedent died on October 6, 2001, and the statute of limitations for this action expired on October 6, 2003.

## II. ARGUMENT OF LAW

### A.    STANDARD OF REVIEW

In order for the Court to determine whether or not to grant a motion for summary judgment, the test provided in Federal Rule of Civil Procedure 56 (c) is, "(1) is there no genuine issue of material fact and (2) is one party entitled to judgment as a matter of law?" *Country Floors, Inc. v. Gepner,* 930 F.2d 1056, 1060 (3d Cir.1991) (quoting *Int'l Union, UMWA v. Racho Trucking Co.,* 897 F.2d 1248, 1252 (3d Cir.1990)). "A disputed fact is "material" if it would affect the outcome of the suit as determined by the substantive law." *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1078 (C.A.3 (Pa.),1992)(See also, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "Thus, while the facts must be viewed in the light most favorable to the nonmoving party and all inferences must be drawn in that party's favor, *see Erie Telecommunications, Inc. v. Erie,* 853 F.2d 1084, 1093 (3d Cir.1988), "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.... If the evidence is merely colorable, ... or is not significantly probative, ... summary judgment may be granted." *Id. (See also, Anderson,* 477 U.S. at 249-50, 106 S.Ct. at 2511.

For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position--there must be sufficient evidence (not mere allegations) for a reasonable

3

jury to find for the nonmovant. *Coolspring Stone Supply, Inc. v. American States Life Ins. Co.,* 10

F.3d 144, 148 (C.A.3 (Pa.),1993) *( See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct.

2548, 2554, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106

S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475

U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).  Moreover,

**B.      PLAINTIFF IS STATUTORILY PROHIBITED FROM MAINTAINING THIS ACTION IN PENNSYLVANIA, HAS FAILED TO FILE THE APPROPRIATE ESTATE PRIOR TO THE EXPIRATION OF THE STATUTE OF LIMITATION AND, THEREFORE, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS BEING ASSERTED IN THIS ACTION.**

Michigan law permits an Estate to be opened for a non-resident decedent only in limited

circumstances. *See* Michigan's Estates and Protected Individuals Code, §700.1301.  (A true and

correct copy of said statutory provision is attached to Defendants' Motion for Summary as Exhibit

"B".) Specifically, Michigan law permits an estate to be opened on behalf of a non-resident decedent

to administer the following items:

> ...
>
> (b)      A nonresident's property that is located in [Michigan] or property coming into the control of a fiduciary that is subject to the laws of [Michigan];
>
> ...
>
> (d)      Survivorship and related accounts in [Michigan];
>
> (e)      A trust subject to administration in [Michigan].

*Id.*

4

Initially, there is no indication within the Complaint that Plaintiff's Decedent held property located within Michigan or that, at the time of his death, he held property which came into the control of a fiduciary subject to the laws of Michigan. Similarly, there exists no indication within the Complaint that he held survivorship or related accounts in Michigan or that he was a party to a trust subject to administration in Michigan. As such, from the outset, there exists a question as to whether an Estate on Plaintiff's Decedent's behalf was properly opened in Michigan.

In the event Michigan did not have jurisdiction to open an Estate on Plaintiff's Decedent's behalf, Plaintiff would clearly lack standing to pursue an action in Pennsylvania for the alleged wrongful death of Plaintiff's Decedent. Absent a properly opened estate, any action on behalf of the Estate of Plaintiff's Decedent is invalid and must fail.

However, in the event Michigan did have jurisdiction to open an Estate on Plaintiff's Decedent's behalf, Michigan law does not grant a personal representative for a non–resident decedent's estate standing to sue in either the courts of the State of Michigan or in any other State. Michigan's Estates and Protected Individuals Code, §700.3703(3). (Exhibit "C".) Rather, Michigan law affords only "a personal representative *of a decedent domiciled in this state at death ... the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death." Id.* (emphasis added.)

In Plaintiff's Complaint, Plaintiff clearly avers that Plaintiff's Decedent was a resident of the Commonwealth of Massachusetts at the time of his death. (Exhibit "A", ¶4.) Moreover, in Plaintiff's deposition, she established that Plaintiff's Decedent was indeed a resident of Massachusetts. (A true and correct copy of Plaintiff's deposition, pp. 49-58, is attached to

5

Defendants' Motion for Summary Judgment and marked as Defendants' Exhibit "D"). Plaintiff confirmed that Plaintiff's decedent had no ties to the Commonwealth of Pennsylvania other than the location of the accident and that Plaintiff's decedent also was not a resident of the State of Michigan at the time of death of the Plaintiff's Decedent. (Exhibit "D").

Even if the Estate was properly opened in Michigan, Michigan law nonetheless strips Plaintiff of any right to maintain an action on behalf of the Estate in the Commonwealth of Pennsylvania. *Id.*

Pursuant to Fed.R.Civ.P. 17(b), the capacity of plaintiff to bring suit is a matter controlled by the law of the state in which the district court is held. *Hunt v. Penn Central Transp. Co.,* 414 F.Supp. 1157, 1158 (D.C.Pa. 1976). In the instant matter, the Federal Court will apply Pennsylvania substantive law with regard to opening an estate for purposes of litigation.

Rule 15 of the Federal Rules of Civil Procedure provides for the "amendment of the pleadings for the purpose of bringing in new parties or changing the capacity of an existing party." *Straub v. Jaeger,* 9 F.R.D. 672, 674 -675 (E.D.Pa.1950). Rule 15 (a) specifically " gives the court a broad discretion to allow amendment of pleadings 'when justice so requires,' and under Rule 15(c) an amendment will relate back so as to avoid the bar of the statute of limitations if the claim or defense asserted 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, * * *.'" *Id.* The court in *Missouri, Kansas & Texas Railway Company v. Wulf,* 1913, 226 U.S. 570, 33 S.Ct. 135, 137, 57 L.Ed. 355, opined that, "the change was in form rather than in substance * * *. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the

6

suit." *(Citations omitted)*. Herein, Plaintiff filed and/or applied an estate for Plaintiff's Decedent in the State of Michigan only at the time of the running of the statute of limitation. No applications were filed for an ancillary estate in the Commonwealth of Pennsylvania before the statute of limitations was up.

The courts will sometimes apply the doctrine of relation back to cases where an estate is a party, which means that the courts under certain circumstances will validate the acts of the personal representative of the estate which preceded the date of his official appointment." *Prevish v. Northwest Medical Center Oil City Campus,* 692 A.2d 192, 201 (Pa.Super.,1997)(See also, *Lesho,* 62 Pa.Cmmw. at 225, 435 A.2d at 1342). Thus, "where a plaintiff, acting as the personal representative of an estate, initiates an action before the statute of limitations has run, but also before his or her appointment as personal representative has been finalized, the doctrine of relation back may be applied in appropriate circumstances to validate the filing of the action, even though the plaintiff's appointment is not finalized until after the limitations period has expired." *Id.*

However, Plaintiff's failure to file an ancillary estate in the Commonwealth of Pennsylvania prior to the expiration of the statute of limitations is insufficient to initiate litigation after the statute has run and the doctrine of relation back is also inapplicable under the stated circumstances. As previously defined, the doctrine of relation back permits amendment where supplemental estate information must be provided and where the application to file the estate was initiated prior to the expiration of the statute of limitations. However, under the current circumstances, no valid estate was set up in the State of Michigan, and therefore, no valid estate was is in existence or applied for prior to the expiration of the statute of limitations.

7

Given the absence of statutory authority to maintain this action in the Commonwealth of Pennsylvania, this Honorable Court is without subject matter jurisdiction for failure to file a valid estate at the time of initiation of the instant litigation and therefore cannot hear those issues presented by Plaintiff through this action. At the very least, all claims against Defendant Gurminder should be dismissed because the claims against Defendant Gurminder were not asserted until Plaintiff's third filing in 2004 after the statute of limitations had expired.

Alternatively, absent the presence of a party in this action with a statutory right to maintain a claim, Plaintiff has failed to comply with the filing requirements and applicable statute of limitations, and Moving Defendants are entitled to a dismissal of the claims currently pending against them.

C.    **PLAINTIFF HAS FAILED TO PRODUCE EVIDENCE SUFFICIENT TO ESTABLISH THAT THE DEFENDANTS' RESPECTIVE CONDUCT WAS MALICIOUS, WANTON, WILLFUL, OPPRESSIVE, OR EXHIBITED A RECKLESS INDIFFERENCE TO THE RIGHTS OF OTHERS AND, ACCORDINGLY, PLAINTIFFS' PUNITIVE DAMAGE CLAIM MUST BE DISMISSED.**

"The situs of the tort is Pennsylvania....[t]hus, the court will look to the substantive law of Pennsylvania to ascertain the legal standard for punitive damages awards." *Robinson v. Nissho-Iwai American Corp.* 1986 WL 11436, 2 (E.D.Pa.) (E.D.Pa.,1986) Since the location of the accident in the instant litigation occurred in the Commonwealth of Pennsylvania, federal courts will apply Pennsylvania substantive law with regard to the recovery of punitive damages.

Pennsylvania has adopted the principles of the *Restatement (Second) of Torts*, §908, which

8

provides as follows:

  (a) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.

  (b) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or reckless indifference to the rights of others. In assessing punitive damages, you may properly consider the character of the defendant's acts, the nature and extent of the harm to plaintiff the defendant caused or intended to cause and the wealth of the defendant.

"Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747 (1984)(citation omitted). Further, a punitive damage award "must be based on conduct which is malicious, wanton, reckless, willful or oppressive." *Id.* at 395, 485 A.2d at 747-748 (citation omitted.) *See also, SHV Coal Inc. v. Continental Grain Company*, 526 Pa. 489, 493, 587 A.2d 702, 704 (1991)(citation omitted).

  Pennsylvania law also clearly provides that punitive damages are not to be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake or an error of judgment. *See e.g. McDaniel v. Merck, Sharp & Dohme,* 367 Pa.Super. 600, 623, 533 A.2d 436, 448 (1987), *appeal den'd* 520 Pa. 589, 551 A.2d 215 (1988) *citing, Martin v. Johns-Manville Corporation*, 508 Pa. 154, 494 A.2d 1088 (1985). Further, evidence of gross negligence is

9

insufficient to support the imposition of punitive damages. *Martin v. Johns-Manville Corporation*, 508 Pa. 154, 172, 494 A.2d 1088, 1098 (1985). Rather, to establish a viable claim for punitive damages, a plaintiff must plead facts which establish a culpable state of mind "beyond that conduct required in the underlying [negligence] claim." *McDaniel*, 367 Pa.Super. at 623, 533 A.2d at 448.

Under Pennsylvania law, the actor's state of mind is vital in a claim for punitive damages. *Id*. (citation omitted.) "The act, or the failure to act, must be intentional, reckless or malicious." *Feld v. Merriam*, 506 Pa. 383, 396, 485 A.2d 742, 748 (1984). In determining whether punitive damages are to be imposed, "a court should not look at the end result...; rather, the court should examine the actor's conduct." *Id*. To create a jury issue as to a party's right to punitive damages, said party must present evidence that the "actor knows, or has reason to know, ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk...." *Martin v. Johns-Manville Corporation*, 508 Pa. 154, 171-172, 494 A.2d 1088, 1097-1098 (1985) *citing Restatement (Second) of Torts*, §500, comment a, (1965).

In the instant litigation, Plaintiff has failed to produce evidence of the requisite state of mind for a recovery of punitive damages. Plaintiff has produced allegations that Defendant ISD and Defendant Saminder failed to conduct the necessary background checks for Defendant Mandeep and as such should be awarded punitive damages. However, Plaintiff's contentions contained in its Pretrial Narrative against Defendants merely assert allegations of conduct that fail to satisfy a claim for punitive damages and at the most can only amount to allegations of gross negligence, which are insufficient to sustain a claim for punitive damages.

In light of the foregoing reasons, Plaintiff should be precluded from asserting a punitive damage claim against Defendants, ISD Transportation, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh and Saminder Singh d/b/a ISD Transportation, Inc.

### III. CONCLUSION

For the foregoing reasons, Plaintiff is statutorily prohibited from maintaining her action and Moving Defendants are entitled to dismissal from this action, with prejudice. Plaintiff should also be precluded from asserting a punitive damage claim against Defendants, ISD Transportation, Inc., Mandeep Singh, Gurminder Singh, Saminder Singh and Saminder Singh d/b/a ISD Transportation, Inc. For producing evience which is  insufficient to sustain a claim for punitive damages

Respectfully submitted,

McKENNA & CHIODO, P.C.

BY:    /s/ Edward J. Chiodo
       EDWARD J. CHIODO, ESQUIRE
       PA I.D. #52937
       Attorneys for Defendant, IDS Transportation
       Company, Inc., Mandeep Singh, Gurminder
       Singh, Saminder Singh and Saminder Singh
       d/b/a ISD Transportation Company, Inc.

       436 Boulevard of the Allies
       Suite 500
       Pittsburgh, PA 15219-1314
       (412) 471-6226

11

## CERTIFICATE OF SERVICE

The undersigned herein certifies that a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure was forwarded to the following counsel of record, via U.S. first-class mail, postage prepaid, this 18th day of July, 2005:

> Andrew J. Conner, Esquire
> CONNER, RILEY & FRYLING
> 17 West Tenth Street
> P.O. Box 860
> Erie, PA 16512-0860

McKENNA & CHIODO, P.C.

BY:    /s/ Edward J. Chiodo
        EDWARD J. CHIODO, ESQUIRE
        PA I.D. #52937
        Attorneys for Defendant, ISD Transportation
        Company, Inc., Mandeep Singh, Gurminder
        Singh, Saminder Singh and Saminder Singh
        d/b/a ISD Transportation Company, Inc.