IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RADHIKA VEGESNA, Personal Representative of the Estate of RAJESH PADMARAJU, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>ISD TRANSPORTATION COMPANY, INC., MANDEEP SINGH, SAMINDER SINGH, GURMINDER SINGH, and SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY, INC.,<br><br>Defendants. | Case No. 03-295 ERIE<br><br>Case No. 03-317E<br><br>TYPE OF PLEADING:<br>**DEFENDANT'S PRETRIAL NARRATIVE STATEMENT**<br><br>FILED ON BEHALF OF: DEFENDANTS, ISD TRANSPORTATION COMPANY, INC., MANDEEP SINGH, SAMINDER SINGH, GURMINDER SINGH, and SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY, INC.<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>MARK F. McKENNA, ESQUIRE<br>PA I.D. #30297<br><br>EDWARD J. CHIODO, ESQUIRE<br>PA I.D. #52937<br><br>**McKENNA & CHIODO, P.C.**<br>436 Boulevard of the Allies<br>Suite 500<br>Pittsburgh, PA 15219<br><br>(412) 471-6226 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RADHIKA VEGESNA, Personal Representative of the Estate of RAJESH PADMARAJU, Deceased, | Case No. 03-295 ERIE<br><br>Case No. 03-31 |
| Plaintiff, | |
| vs. | |
| ISD TRANSPORTATION COMPANY, INC., et al. | |
| Defendants. | |

### DEFENDANT'S PRETRIAL NARRATIVE STATEMENT

AND NOW comes the Defendants, ISD Transportation Company, Inc., Mandeep Singh, Saminder Singh, Gurminder Singh and Saminder Singh d/b/a ISD Transportation Company, Inc., by and through their attorneys, McKENNA & CHIODO, P.C. and Edward J. Chiodo, Esquire and files the following Pretrial Narrative Statement:

### I. SUMMARY OF THE FACTS

This is a wrongful death and survival action for and on behalf of the Estate of Rajesh Padmaraju, Decedent, and his survivors pursuant to the Pennsylvania Wrongful Death and Survival Acts. The Plaintiff Decedent's sister, Radhika Vegesna is the Personal Representative of the Plaintiff Decedent's Estate.

The Plaintiff Decedent, Rajesh Padmaraju, was twenty-seven (27) years of age when he died on October 6, 2001 as a result of fatal injuries he incurred on October 5, 2001, as a result of parking his motor vehicle in the right-hand lane of travel on Interstate-90, outside of Erie, Pennsylvania. The Plaintiff Decedent parked his vehicle partly in the right-hand lane of traffic at 11:30 p.m., on a wet

2

and an unlit area of the highway. The Plaintiff Decedent, who was dressed in dark clothing, stopped his vehicle partially in the right-hand lane of travel and did not use any signals or hazard lights. The Plaintiff Decedent exited his vehicle and was standing in the right-hand traffic lane when he was struck by a tractor-trailer owned by ISD Transportation Company, Inc. (hereinafter "ISD") and operated by its employee, Mandeep Singh.

The Plaintiff Decedent was traveling West on Interstate-90 in a red 1996 Mitsubishi Eclipse. The Plaintiff Decedent's vehicle was stopped with its headlights on, no hazard lights or turn signals were activated. The Plaintiff Decedent's vehicle was stationary partially on the right-driving Westbound lane and partially on the North-berm of the roadway. The evidence will show that the berm of the road was large enough and wide enough to accommodate a motor vehicle. For some unknown reason, the Plaintiff Decedent choose to stop his vehicle and exit the same and place himself in the right-lane of traffic. Traveling immediately to the East and behind the Plaintiff Decedent's vehicle in the same right-lane was a 1997 Subaru Legacy station-wagon driven by Susan Nolan. As she approached the scene of the accident, she was able to observe the Plaintiff Decedent's vehicle slowing down and ultimately stopping partially in the right-hand lane of traffic. As Ms. Nolan approached the Plaintiff Decedent's vehicle, she observed the brake lights going off and on and as she got closer to the back of the Plaintiff Decedent's vehicle, she realized that the vehicle had become stationary in that location. Ms. Nolan was attempting to move into the right-hand lane of traffic but she was unable to do so due to heavy traffic. Prior to the collision, Ms. Nolan observed the Plaintiff Decedent outside of his vehicle walking around his vehicle and generally in the right-hand lane of traffic.

Also, traveling West on Interstate-90, behind Nolan's vehicle, were several tractor-trailers.

The first of these tractor-trailers was traveling in front of the tractor-trailer operated by Mandeep Singh. As both tractor-trailers approached the eventual scene of the incident, the first tractor-trailer signaled and moved into the left-hand lane of traffic. The tractor-trailer, operated by Mandeep Singh, was traveling approximately fifty-five (55) to sixty (60) miles per hour and also proceeded to signal into the left-hand lane behind the first tractor-trailer. According to Mandeep Singh, the operator of the first tractor-trailer began to pump his brakes and rapidly slowed the tractor-trailer down close to ten (10) miles per hour. Immediately after noticing the tractor-trailer braking and physically reacting, Mandeep Singh pumped his brakes and slowed down his vehicle. After checking his side-view mirrors, Mandeep Singh signaled and attempted to move from the left lane back into the right lane. The first thing Mandeep Singh was confronted with was Susan Nolan's vehicle which was stopped completely in the right-hand lane of travel and the Plaintiff Decendent's vehicle which was also stationary partially in the right-hand lane of travel. Mandeep Singh also recalls the Plaintiff Decedent standing in the right-hand lane of travel outside of his vehicle. Immediately upon observing this sudden emergency, Mandeep Singh attempted to get back into the left-hand lane but was unable to do so before striking the Nolan vehicle, the Plaintiff Decedent's vehicle and thereafter the Plaintiff Decedent. The ISD tractor-trailer moved back into the passing lane and ultimately came to rest one hundred (100) or so feet passed the scene of the incident.

The ISD tractor-trailer was being operated by Mandeep Singh who had a valid California Commercial Driver's License and proper medical clearance. The alternative driver, Gurminder Singh, was in the sleeper cab at the time of the collision and did not eyewitness the actual incident. The trip started in Buffalo, New York at approximately 9:30 p.m. Mandeep Singh had just taken over as the driver after sleeping seven (7) to eight (8) hours before the arrival in Buffalo, New York.

After passing through the New York/Pennsylvania border, Mandeep Singh was operating his tractor-trailer in the right Westbound lane of Interstate-90 following another white standard length tractor-trailer (approximately seventy-three (73) feet). Mandeeep Singh indicated that the weather was raining and/or light drizzle prior to the collision. After making his lane change into the right-hand lane of traffic, Mandeep Singh was confronted with a sudden emergency which required him to take evasive actions.

At the scene of the incident, Mandeep Singh, the driver of the ISD tractor-trailer, was extremely shook up by what had just occurred. Mandeep Singh provided the Pennsylvania State Police with his California Commercial Driver's License with his residence at 30398 Madera Avenue, Shafter, California, 93263. Mandeep Singh also provided his home telephone number for his residence located at the Shafter address in the Bakersfield, California area.

To assist in the investigation of Pennsylvania State Police, Mandeep Singh utilized Gurminder Singh as his interpreter to try and clearly explain what happened in the incident. Gurminder provided Mandeep Singh's explanation translated from Punjabi to English to the Pennsylvania State Police which was reported in the Pennsylvania State Police Report.

The Pennsylvania State Police Report concluded that the cause of this accident was the Plaintiff Decedent parking his vehicle illegally in the roadway and illegally standing in the right-hand lane of travel as a pedestrian. The Plaintiff Decedent was not cited due to the fact that he passed away as a result of this incident. The Pennsylvania State Police did not charge Mandeep Singh with any violations of the Pennsylvania Motor Vehicle Code. Post accident, Mandeep Singh passed both drug and alcohol tests. The actions of the Plaintiff Decedent constitutes negligence, per se, as he directly violated the Pennsylvania Motor Vehicle Code.

The Plaintiff Decedent has attempted to avoid the facts of this matter by continually referring to the United States Department of Transportation violations that occurred several months before this incident. The nature of the violations had no bearing whatsoever on the cause of the incident and is not relevant to any issue of causation in this case. The facts will reflect that Mandeep Singh did have a valid California Commercial Driver's License on the date of the incident. Mr. Singh had received medical clearance from the State of California. Mandeep Singh had passed a drug and alcohol screening at the time he was hired. Mandeep Singh applied for his job and completed the job application. Saminder Singh, the owner of ISD, contacted his prior employer and was advised that Mandeep Singh was a "good long haul". Mandeep Singh underwent a road test and confirmed that he could speak the English language fluently enough to operate a tractor-trailer. None of the United States Department of Transportation violations in any way affected Mandeep Singh's ability to operate a tractor-trailer as a commercial driver.

## II. LAW

The Plaintiff's are attempting to claim that both Mandeep Singh and ISD are guilty of both common law negligence and also gross negligence. Based upon the Plaintiff's claims that ISD was grossly negligent in allowing Mandeep Singh to operate this tractor-trailer due to the fact it "had actual prior knowledge that Mandeep Singh was not qualified to operate a commercial tractor-trailer". Plaintiff claims that Mandeep Singh was grossly negligent in a manner in which he violated the Pennsylvania Motor Vehicle Code. Factually, however, none of this is true or accurate. ISD and Saminder Singh had no reasons to believe that Mandeep Singh was not qualified to operate a commercial tractor-trailer. Although specifically denied, Mandeep Singh could arguably be deemed partially negligent in this matter. Mandeep Singh was not charged with violating any provisions of

6

the Pennsylvania Motor Vehicle Code.

This is clearly a case of the Plaintiff's comparative negligence far out weighing the conduct of Mandeep Singh in operating his tractor-trailer. Plaintiff's are incorrect in their assertion that ISD, Saminder Singh and Mandeep Singh are joint tort-feasors. Additionally, their conduct should not be considered separately in determining the comparative negligence of the parties. Causation is an issue between only the Plaintiff Decedent and Mandeep Singh.

Plaintiff's assert that Mandeep Singh violated various provisions of the Pennsylvania Motor Vehicle Code. The facts of this matter are clear. Mandeep Singh was not charged with violating any provisions of the Pennsylvania Motor Vehicle Code. Each alleged violation by Plaintiff is mere conjecture and is not indicative of any negligence per se. The only violation of the Pennsylvania Motor Vehicle Code or United States Department of Transportation regulations was for Mandeep Singh's failure to speak English fluently while operating a tractor-trailer. The fact that Mandeep Singh paid the fine as opposed to contesting it is in no way relevant to this cause of action.

The facts of this matter are such that the Plaintiff Decedent created a sudden emergency situation by stopping his vehicle in the right-hand lane of travel. The Plaintiff Decedent was also the primary cause of this accident by exiting his vehicle and standing in the right-hand lane of traffic at 11:30 p.m. in a dark stretch of Interstate-90 while dressed in dark clothing. The Pennsylvania State Police, who investigated this accident, clearly determined that the Plaintiff Decedent was the primary cause of this accident.

The facts of this matter are clear. The Plaintiff Decedent was negligent in bringing his car to a stop in the driving lane and partially on the adjacent berm of the roadway on Interstate-90, and standing in the roadway/right-hand lane at the time of the collision. There is no reasonable

explanation for why the Plaintiff Decedent stopped his vehicle in the right-hand lane of traffic and did not activate any hazard lights. The Plaintiff Decedent's vehicle still had headlights and no mechanical problems were detected by the Pennsylvania State Police. The facts of this matter were compounded by Susan Nolan's vehicle additionally stopping in the right-hand lane of traffic as a result of the Plaintiff Decedent's vehicle stopping. Clearly the defense of comparative negligence is applicable to the facts of this case. There is no evidence that any of the Defendants acted grossly negligent under the facts and circumstances of this incident. The defense of comparative negligence is controlled by the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A.7102.

## III. DAMAGES

The Plaintiff's have submitted an economic report by Burke & Rosen claiming economic loss of between $1,887,692.00 and $2,421,641.00. The facts upon which the Plaintiff's Expert Report are based upon are purely speculative and are not consistent with the evidence of a record at the time of the Plaintiff's demise. The admissibility of the Burke & Rosen report will need to be determined and handled by a Motion in Limine which will be filed with the Court prior to trial. The economic report of Burke, Rosen & Associates attempts to summarize Plaintiff Decedent's damages recoverable but is clearly overinflated due to mere guess-work and/or speculation of events that were going to occur into the future. Additionally, Plaintiff's are attempting to recover the dollar value of gifts the Plaintiff Decedent would have given to his beneficiaries, including his mother and sisters. The Plaintiff's lack very little if no evidence to verify or document the amount of gifts received.

## IV. WITNESSES

Defendant at trial may call some or all of the witnesses identified in the attached witness list. Defendant reserve the right to call any or all witnesses listed in the Plaintiff's Pretrial Narrative Statement and reserves the right to supplement this list up to and including the time of trial.

## V. EXHIBITS

Defendant, at trial, may offer some or all of the exhibits identified on the attached exhibit list. Defendant reserve the right to use any exhibit listed in the Plaintiff's Pretrial Narrative Statement, any deposition exhibits or documents produced during discovery. Defendant reserve the right to supplement this list up to and including the time of trial.

## VI. EXPERT REPORTS

Attached to this Pretrial Narrative Statement are the expert reports of the following:

1. Donald Eisentraut
   ARCCA, Incorporated
   2288 Second Street Pike
   Po Box 78
   Penns Park, PA 18943-9751

2. Kenneth McCrory
   McCrory & McDowell, LLC
   One Riverfront Center
   20 Stanwix Street
   Pittsburgh, PA 15222

3. Jeffrey N. Kann, M.D.
   The Center For Musculoskeletal Evaluations
   5900 Corporate Drive, Suite 200
   Pittsburgh, PA 15237

## VII. MOTIONS IN LIMINE

The Defendant prior to trial requests the right to file several Motions in Limine regarding certain evidence that should not be admissible at the time of trial.

### A. UNITED STATES DEPARTMENT OF TRANSPORTATION RECORDS AND INFORMATION

Defendant believe that the United States Department of Transportation records and any

information regarding fines incurred by ISD are not admissible and are clearly not relevant to the cause of this accident. Defendant would request to file a Motion in Limine regarding the potentially prejudicial affect of this evidence clearly outweighing any potential relevancy.

### B. LETTERS OF CORRESPONDENCE FROM PLAINTIFF'S EMPLOYER

Defendant respectfully requests the opportunity to present a Motion in Limine to address the admissibility of hearsay letters of correspondence that Plaintiff indicates he intends to offer regarding the Plaintiff Decedent's employment situation and benefits at the time of his demise.

### C. MANDEEP SINGH'S VIOLATION OF UNITED STATES DEPARTMENT OF TRANSPORTATION REGULATIONS

Defendant, prior to trial, requests the right to file a Motion in Limine regarding Mandeep Singh's violation of United States Department of Transportation regulations regarding English speaking drivers. The fact that a Pennsylvania State Police Officer cited him for this violation in no way had any affect on the cause of this incident. Mandeep Singh's ability to speak English did not have any bearing upon how this incident occurred.

### VIII. MISCELLANEOUS MATTERS

At the time of trial, Mandeep Singh will be available to testify as a trial witness. The Defendant will make arrangements to have a Punjabi interpreter available in the court room. The Defendants will object to the Plaintiff calling damage witnesses, namely Ravi Patlola of Advent, Joe Forgione of Eprise and one liability witness, Gabriel Gill of Major Express, to present their testimony via video conferencing. The Defendants intend to file a Motion in Limine to preclude the letters of correspondence that have been attached to the Plaintiff's Pretrial Statement.

McKENNA & CHIODO, P.C.

By: _____
EDWARD J. CHIODO, ESQUIRE
Attorneys for Defendant,
ISD Transportation Company, Inc., Mandeep Singh, Saminder Singh, Gurminder Singh, and Saminder Singh d/b/a ISD Transportation Company, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant Pretrial Narrative Statement was sent by First Class, U.S. mail, postage prepaid, to the following this 22nd day of July, 2005:

Andrew J. Conner, Esquire
CONNER, RILEY & FRYLING
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860

McKENNA & CHIODO, P.C.

By: _____
EDWARD J. CHIODO, ESQUIRE
Attorneys for Defendant,
ISD Transportation Company, Inc., Mandeep Singh, Saminder Singh, Gurminder Singh, and Saminder Singh d/b/a ISD Transportation Company, Inc.