IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
RADHIKA VEGESNA, Personal         :
Representative of the ESTATE      :
OF RAJESH PADMARAJU, Deceased     :
Plaintiff                         :
                                  :
           VS.                    :   NO. 03-295 ERIE
                                  :   NO. 03-317 ERIE
MANDEEP SINGH, SAMINDER SINGH     :   NO. 04-34 ERIE
and SAMINDER SINGH d/b/a ISD      :
TRANSPORTATION COMPANY, INC.,     :
Defendants                        :
```

PLAINTIFF'S RESPONSE, PER
FRCP 56(e), TO DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT</u>

AND NOW comes the Plaintiff, Radhika Vegesna, by her counsel, ANDREW J. CONNER of CONNER RILEY & FRYLING, 17 West Tenth Street, P.O. Box 860, Erie, Pennsylvania 16512-0860, and response to Defendants' Motion for Summary Judgment, per FRCP 56(e), alleging as follows:

<u>FIRST RESPONSE</u>

1.    Paragraphs 1 through 6 of Defendants' Motion is admitted. Paragraphs 7 through 15 of Defendants' Motion are denied. As Plaintiff does not contest Defendants' Motion for Summary Judgment regarding punitive damages, per Paragraph 10 of this Response, it is not necessary for Plaintiff to respond to Paragraphs 16 through 23 of Defendants' Motion for Summary Judgment.

SECOND RESPONSE

2.   The Defendants, in a previously filed FRCP 12(b)(6) Motion, have raised the same issues as set forth in this Motion for Summary Judgment regarding the alleged lack of capacity of Radhika Vegesna as a foreign resident to act as the personal representative of the decedent's estate under Michigan law, and the alleged error by the Michigan Court in granting her the right to act as the personal representative of the decedent's estate. These same issues have been addressed, litigated and resolved by this Court in its April 1, 2004 Opinion and Order. That resolution constitutes the law of the case which precludes relitigation of those same issues at the present time.

THIRD RESPONSE

3.   The decedent, Rajesh Padmaraju, at the time of his death, was a legal alien, resident and domiciliary of the Commonwealth of Massachusetts. The Defendants were either legal aliens or United States citizens domiciled in California. This Court has complete diversity jurisdiction over this controversy, per 28 U.S.C.A. 1332.

FOURTH RESPONSE

4.   Under the controlling Michigan case law interpreting Michigan's Estate and Protected Individual Code #700.1301, considering there are no Michigan creditors of the decedent's estate and all the Defendants in this action are California residents, Radhika Vegesna, as a foreign Administrator of the

2

decedent's estate, having received a valid appointment to act as the personal representative of the decedent's estate, is permitted to process the within death action in this Court.

### FIFTH RESPONSE

5.  On January 14, 2004, per 20 Pa.C.S.A. 4101, Radhika Vegesna was granted Ancillary Letters of Administration by the Register of Wills of Erie County, Pennsylvania to administer the Estate of Rajesh Padmaraju and, per FRCP 17.  The grant of these Ancillary Letters relate back to the original filing date of this action in September, 2003.  It allows her to prosecute this death action in the Pennsylvania Court as a foreign Administrator.

### SIXTH RESPONSE

6.  The grant of the Letters of Administration of decedent's estate to Radhika Vegesna by the Michigan Court and the Ancillary Letters by the Pennsylvania Court should both be given full faith and credit by this Court.

### SEVENTH RESPONSE

7.  If there is a procedural or substantive defect in the Michigan or Pennsylvania Courts granting Letters or Ancillary Letters of Administration of the decedent's estate to Radhika Vegesna, either because she was a foreign Administrator or that the decedent was domiciled in Massachusetts at the time of his death, those actions by those State Courts under the controlling law is not subject to collateral attack in this Court at this time in these proceedings.

### EIGHTH RESPONSE

8.  If there is a procedural or substantive defect of the type described in Paragraph 7, above, which causes this Court to conclude that Radhika Vegesna, per FRCP 17, is not the real party in interest or otherwise lacks the capacity necessary to process this death action in this Court, then this Court, rather than dismiss this action, should follow FRCP 17 and allow Plaintiff to cure any such defect by either having a non-foreign Administrator appointed by the Michigan Court to replace Radhika Vegesna, and/or direct Radhika Vegesna or a suitable replacement administrator to obtain Letters of Administration for the decedent's estate from the Commonwealth of Massachusetts, the state of decedent's domicile at the time of his death.

### NINTH RESPONSE

9.  If this Court grants Defendants' request to dismiss this action for lack of subject matter jurisdiction, any dismissal order should reflect it is dismissed for lack of subject matter jurisdiction and not on the merits, so this action can be remanded back to the Pennsylvania Courts, as being incorrectly removed to this Court, and/or so Plaintiff can refile this action in the Pennsylvania Court per 42 Pa.C.S.A. 5103(b).

### TENTH RESPONSE

10. Plaintiff does not contest Defendants' assertion in their Rule 56 Motion for Summary Judgment that Plaintiff , under the controlling Pennsylvania law, cannot recover punitive damages.  However, Plaintiff requests that any such order

addressing this issue not resolve the issue that Defendants' conduct constituted "reckless conduct", as defined by Sections 500 and 503, Restatement (Second) of Torts. That issue is a different and separate issue from the one controlling the right to recover punitive damages. It requires a lesser burden of proof, which Plaintiff believes can be satisfied and met at the time of trial, and the issues involving those sections of the Restatement (Second) of Torts and Defendants' reckless conduct have not been placed at issue by Defendants' Motion for Summary Judgment regarding punitive damages.

WHEREFORE, Plaintiff, for all the reasons stated above, requests this Court to deny Defendants' Motion for Summary Judgment addressed to the jurisdictional issues and the capacity of Radhika Vegesna to prosecute this action and, when granting that Motion regarding the claim for punitive damages, not address the reckless conduct issue, made reference to in Paragraph 10 of this Response.

Respectfully submitted,

CONNER RILEY & FRYLING

BY _____
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFF
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860
(814) 453-3343

DATED: July 28, 2005.

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Response was served upon Edward J. Chiodo, Esquire, counsel for Defendants, 436 Boulevard of the Allies, Suite 500, Pittsburgh, Pennsylvania 15219-1314, this 28th day of July, 2005.

CONNER RILEY & FRYLING

BY: _____
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFF
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860
(814) 453-3343

DATED: July 28, 2005.