IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal :
Representative of the ESTATE :
OF RAJESH PADMARAJU, Deceased :
Plaintiff :
:
      VS. : NO. 03-295 ERIE
: NO. 03-317 ERIE
MANDEEP SINGH, SAMINDER SINGH : NO. 04-34 ERIE
and SAMINDER SINGH d/b/a ISD :
TRANSPORTATION COMPANY, INC., :
Defendants :

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

I.    INTRODUCTION:

    Defendants, on July 18, 2005, filed a Motion for Summary Judgment raising, in substance, two issues. One, they claim this Court lacks subject matter jurisdiction because (1) the Michigan Court improperly allowed Radhika Vegesna to be appointed the personal representative of the decedent's estate, and (2) because the deceased was a domiciliary of the Commonwealth of Massachusetts, not Michigan, the Michigan Court should have denied Radhika Vegesna's request to act as the personal representative of the decedent's estate because the decedent did not have sufficient contact with Michigan. As part of their lack of jurisdiction defense, they also claim that both Michigan and Pennsylvania laws preclude Radhika Vegesna, as a foreign Administrator, from prosecuting this action in a Pennsylvania Court, even though she may have Ancillary Letters of Administration granted by the Pennsylvania Court, which they claim should not be given a relation back effect permitted by

FRCP 17 and the Pennsylvania substantive law. Two, Defendants claim there is not sufficient evidence of Defendants' intentional conduct to allow for the recovery of punitive damages.

Plaintiff believes that, while there is sufficient evidence to support a finding of "reckless" conduct, as defined by Sections 500 and 503(1) of the Restatement (Second) of Torts, by both Defendants, there is not sufficient evidence of Defendants' intentional unsafe conduct to support a recovery of punitive damages. Plaintiff does not contest Defendants' Motion as it relates to the claim for punitive damages. Plaintiff is willing to enter into an appropriate stipulation so as to make it unnecessary for the Court to address that issue when resolving Defendants' Motion for Summary Judgment.

II. <u>FACTS</u>:

The material facts relating to the Michigan Court granting Radhika Vegesna, the decedent's sister, the right to act as the personal representative of her brother's estate and his domicile in Massachusetts at the time of his death have not changed since this Court resolved the same issue in response to Defendants' Rule 12(b)(6) Motion.[1] The decedent was a legal alien who was domiciled in Massachusetts, near his place of employment as of October 5, 2001. The decedent was initially domiciled in

---

[1] Per FRCP 56(e), Plaintiff has filed an Evidentiary Record in Opposition to Defendants' Motion for Summary Judgment consisting of the deposition transcript of the decedent's mother, Jhansi Padmaraju Raj, Exhibit "U" marked in that deposition evidencing the decedent was a "legal alien" at the time of his death to satisfy 28 U.S.C.A. 1332, and the funeral bill from Northrop-Sassaman Funeral Directors of Michigan.

2

Michigan when he entered the United States in 1998. He moved to Massachusetts for employment reasons. He intended to move back to Michigan to be close to the only United States relatives he had, who were residents of Michigan. The decedent was in transit to Michigan to visit his relatives living in the Detroit area at the time of his October 5, 2001 fatal injuries on Interstate 90 near Erie, Pennsylvania.

While the decedent may not have had any property or assets in Michigan, he did not have any creditor in Michigan who would need the protection of a Michigan resident acting as the personal representative of his estate. Although he was cremated in Michigan, that expense was paid in full by his family.

After Defendants filed their Rule 12(b)(6) Motion and prior to the Court resolving that Motion, Radhika Vegesna did apply for and was granted Ancillary Letters of Administration, per 20 Pa.C.S.A. 4101, to act as the personal representative and Administratrix of her brother's estate by the Register of Wills of the Court of Common Pleas of Erie County, Pennsylvania. The Ancillary Letters and the appointment of Radhika Vegesna as the personal representative of the decedent's estate remain in full force and effect through the present date.

III. LAW:

    A.   JURISDICTIONAL ISSUE/FRCP 17:

        1.   LAW OF THE CASE.

In an FRCP 12(b)(6) Motion previously filed by Defendants and resolved by this Court, Defendants claimed this Court lacked

jurisdiction to hear this claim for the same multiple reasons they now claim they are entitled to Summary Judgment. Those reasons include (1) Radhika Vegesna was a "foreign" Administrator and/or had received Letters of Administration to act as the personal representative of the decedent's estate as a foreign resident and precluded from prosecuting this death action, relying on Michigan's Estate and Protected Individuals Code No. 700.1301, hereinafter "700.1301", and (2) the Michigan Court granting her Letters of Administration to act as the personal representative of the decedent's estate acted contrary to law because the decedent was a domiciliary of the State of Massachusetts at the time of his death, and did not have sufficient contact with the State of Michigan to allow for her appointment or receipt of Letters of Personal Representation of the decedent's estate under Michigan law. On April 1, 2004, after this Court received Briefs from both parties on these issues, denied Defendants' Rule 12(b)(6) Motion with an Opinion.

Since Defendants filed their Rule 12(b)(6) Motion, the depositions of Radhika Vegesna and her mother were taken by Defendants in Erie in May, 2005 and Radhika Vegesna. On January 14, 2004, she was granted Ancillary Letters of Administration of the decedent's estate by the Register of Wills of the Court of Common Pleas of Erie County, Pennsylvania, per 20 Pa.C.S.A. 4101.

Neither Radhika Vegesna nor her mother's deposition testimony changed the material facts forming the basis of Defendants' Rule 12(b)(6) Motion or this Court's decision denying that Motion. The deposition testimony re-established what was in

4

the Complaint. The decedent was a domiciliary of the State of Massachusetts as of October 5, 2001, and/or at the time of his fatal injuries. He was traveling from Massachusetts to the State of Michigan at the time of his death. To be closer to his only United States relatives, who resided in Detroit, Michigan, he was intending to move back to Michigan at some date after October 5, 2001, where he had maintained a residence when he first came to the United States from India in 1998.

Numerous Third Circuit authorities hold that the "law of the case doctrine" preclude this Court from reviewing the jurisdictional and/or FRCP 17 issue at this time. <u>Hamilton v. Faith Leavy</u>, 322 F.3d 776, 786-87 (3rd Cir. 2003) (the law of the case doctrine "limits relitigation of an issue once it has been decided" in an earlier stage of the same litigation); <u>see</u>, also, <u>Williams v. Runion</u>, 130 F.3d 568, 573 (3rd Cir. 1997) and cases cited therein. None of the "three traditional exceptions" to the law of the case doctrine apply here. See <u>Patel v. Sun Oil Co.</u>, 141 F.3d 447, 461, n. 9 (3rd Cir. 1998).[2]

The earlier decision by this Court was not clearly erroneous. There has been no supervening case or statutory law affecting this issue. There has been no change in the material facts relating either to the decedent's domicile in Massachusetts

---

[2] In footnote 9 at 141 F.3d 461, the Court stated:

> "There are three traditional exceptions to this doctrine including situation in which (1) new evidence is available; (2) a supervening new law has been announced, or (3) the earlier decision was clearly erroneous and would create manifest injustice (citing cases)".

nor Radhika Vegesna's application and receipt of Letters of Administration from the Michigan Court to act as to decedent's personal representative. Patel, supra.

Radhika Vegesna's intervening receipt of Ancillary Letters of Administration, per 20 Pa.C.S.A. 4101, strengthens her capacity to act in the representative capacity for her brother's estate to prosecute this death action in the Pennsylvania Courts. The law of the case doctrine precludes this Court from reviewing the jurisdictional and/or FRCP 17 issues discussed in section B on pages 4 through 8 of Defendants' Brief in Support of their Motion for Summary Judgment.

    2.   THIS COURT HAS DIVERSITY JURISDICTION PER 28 USCA 1332.

Defendants removed this action from the Pennsylvania Courts to this Court, claiming there was diversity or subject matter jurisdiction in this Court to resolve the controversy. In Defendants' Rule 12(b)(6) Motion and now in their Motion for Summary Judgment, Defendants claim this Court does not have subject matter jurisdiction to resolve this claim. Defendants are claiming that Radhika Vegesna lacks the proper capacity to process this death claim, and not the real party in interest, as defined by FRCP 17. Under the controlling statutes and law, this Court has diversity jurisdiction, per 28 U.S.C.A. 1332, as amended, to resolve this claim for all the reasons stated below.

All the Defendants are residents or, for purposes of 28 U.S.C.A. 1332, citizens of the State of California. The decedent was a legal non-resident alien domiciled in the State of

Massachusetts, who intended, at some point in time, to move to Michigan.  Radhika Vegesna is a resident and citizen of the Country of India.  Because the Defendants are all residents of the State of California and the decedent, as a legal alien domiciled in Massachusetts, is considered to be a resident of the Commonwealth of Massachusetts, this Court has complete diversity of citizenship sufficient to satisfy 28 U.S.C.A. 1332.

The citizenship of Radhika Vegesna is not relevant or material to the Court's resolution of diversity of citizenship issues, per 28 U.S.C.A. 1332.  See 28 U.S.C.A. 1332(c)(2) "The legal representative of the estate of the decedent shall be deemed to be a citizen of only the same state as the decedent. . . ."  The deceased, Rajesh Padmaraju, as a legal resident alien, is considered a citizen of Massachusetts because of his domicile in that State as of October 5, 2001, despite his future intentions.  See 28 U.S.C.A. 1332(a) (". . . for purposes of this section. . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the state in which such alien is domiciled").  See Winburn v. Liberty Mutual Insurance Co., 8 F. Supp. 2d 644, 647 (E.D. Pa. 1998) ("the plaintiffs, as administrators of the estate. . . are imputed with the decedent's state of citizenship"); Juvelis v. Snider, 68 F.3d 648, 654 (3rd Cir. 1955) (citizenship is synonymous with domicile for purposes of diversity and the application of 28 U.S.C.A. 1332).

Because there is complete diversity of citizenship between the former domicile of the deceased (Massachusetts) and the Defendants' citizenship and domicile (California) and because the

underlying claim is in excess of $75,000, there is the sufficient diversity of citizenship to cause this Court to have diversity jurisdiction over this claim.  See <u>Wisconsin Department of Corrections v. Schacht</u>, 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed. 2d 364 (1998) ("complete" diversity necessary to allow this court to have diversity jurisdiction of this claim is present in this case); <u>Stanley v. Exxon Corp.</u>, 824 F. Supp. 52 (E.D. Pa. 1993). If this Court ultimately should conclude otherwise that it does not have diversity jurisdiction, the remedy is not a dismissal on the merits but, rather, a transfer of the action back to the Pennsylvania Court or a dismissal for lack of jurisdiction so it can be refiled in the Pennsylvania Courts.  42 Pa.C.S.A. 5103(b). <u>See</u>, generally, <u>Electronic Lab Supply Co. V. Cullen</u>, 782 F. Supp. 1016 (E.D. Pa. 1991), <u>reconsideration denied</u>, 785 F. Supp. 67 (E.D. Pa. 1991), <u>affm'd.</u> 977 F.2d 798 (3rd Cir. 1992).

   3.   <u>A NON-RESIDENT PERSONAL REPRESENTATIVE APPOINTED MAY PROSECUTE A DEATH ACTION IN A MICHIGAN COURT OR THE COURT OF ANOTHER STATE</u>.

Defendants claim that the Michigan statutory law, 700.370(3), prohibits a foreign Administrator appointed by the Michigan Court or other states to prosecute any death action filed in the Michigan Courts or in any Court of any other jurisdiction, based on the grant of Letters of Administration to a foreign administrator under Michigan law.  Defendants recite the Michigan statute, but do not cite the underlying interpretive case law of that statute.  That case authority holds contrary to Defendants' assertion that when there are no Michigan creditors

of the deceased's estate, as in the case here, a foreign administrator may prosecute a wrongful death action, particularly if the defendants are from states other than Michigan.

<u>See</u>, for example, <u>Yeigfeld v. Herman Miller, Inc.</u>, 293 F. Supp. 995, 998-99, 1968 U.S. Dist. LEXIS 8146 (D.C. Mich. 1968) (Maryland administrator allowed to prosecute a death action against Michigan defendant in Michigan Courts); <u>Howard v. Pulver</u>, 329 Mich. 415, 421, 45 N.W. 2d 530, 533 (1950) (if there are no Michigan creditors and if they were not entitled to share in the proceeds, the ruling is against foreign administrators prosecuting death actions under Michigan law does not apply); <u>Carter v. Manhoff</u>, 143 F. Supp. 920, 1956 U.S. Dist. LEXIS 3059 (E.D. Mich. 1956) (Ohio administrator allowed to prosecute a death action in Michigan, even though the administrator considered a foreign resident to Michigan). Based on the Michigan law, Radhika Vegesna, a foreign resident to Michigan, would have the capacity to prosecute the death action in Pennsylvania particularly, as it is in this case, the Defendants are from states other than Michigan. <u>See</u> <u>Siverling v. Lee</u>, 90 F. Supp. 659, 660-62 (E.D. Mich. 1950) (Ohio resident an administrator of estate of Ohio domiciliary allowed to prosecute a death action in Michigan against Michigan defendants); <u>Howard v. Pulver</u>, <u>supra</u>, 45 N.W. 2d at 535.[3]

---

[3] The Supreme Court of Michigan in <u>Howard</u>, <u>supra</u>, 45 N.W. 2d at 533, adopted the following legal precept from other case law:

> "The rule barring foreign administrators from our courts is just and reasonable <u>only</u> if applies in cases; first, where there are domestic creditors and second, where the

4.  **ANCILLARY LETTERS OF ADMINISTRATION ALLOW PROCESSING A DEATH ACTION IN PENNSYLVANIA BY FOREIGN PERSONAL REPRESENTATIVE.**

Pennsylvania permits a foreign Administrator to process a death action against a Pennsylvania resident when they have been granted Ancillary Letters of Administration, per 20 Pa.C.S.A. 4101.  See Greene v. Goodyear, 112 F. Supp. 27, 28 U.S. Dist. LEXIS 2706 (M.D. Pa. 1953) (a resident of Ohio acting as the administrator of the estate of the decedent residing in Ohio permitted to process a death action in Pennsylvania against Pennsylvania defendant); Hunt v. Penn Central Transportation Co., 414 F. Supp. 1157, 1160 (W.D. Pa. 1976) (a foreign administrator permitted to maintain death action in Pennsylvania and allowed to obtain Ancillary Letters of Administration after the running of the statute of limitations); Biglen v. Biglen, 330 Pa. Super. 512, 479 A.2d 1021, 1025-26 (1984) (Pennsylvania would follow holdings in Greene, supra and Hunt, supra).

Radhika Vegesna's receipt of Letters of Administration to act as the personal representative of the decedent's estate from the Michigan Court remain in full force and effect through the present date.  Her Ancillary Letters of Administration for that estate from the Pennsylvania Courts remain in full force and

---

foreign administrator sues to recover a fund in which such creditors may share."  See Weisfeld v. Herman Miller, Inc., 295 F. Supp. 995, 998-99 (W.D. Mich. 1968) (Howard, supra followed and a non-Michigan resident administrator permitted to prosecute a death action in Michigan against a Michigan company).

effect and are not subject to collateral attack.  Pennsylvania would permit her to act as a foreign administrator to prosecute this death action in a Pennsylvania Court seeking relief from the application of Pennsylvania law.  See Shellito v. Grimshaw, 367 Pa. 599, 601, 81 A.2d 544, 545 (1951) (non-resident of Pennsylvania with Ancillary Letters of Administration has submitted herself to jurisdiction of Pennsylvania and permit her to use the Pennsylvania Courts on behalf of a non-resident decedent); Green, supra; Hunt, supra; Biglen, supra.

Defendants, by their Rule 12(b)(6) Motion and Motion for Summary Judgment, in effect, are requesting this Court to permit a collateral attack of the Michigan Court's decision to grant Radhika Vegesna the right to act as the personal representative and to also collaterally attack the Pennsylvania Court's grant of Ancillary Letters of Administration.  This type of collateral attack is not generally permitted.  See U.S. v. Towne, 997 F.2d 537, 541 (9th Cir. 1993) (official records should be given same treatment in federal court which are to be given in state court where it was created); Mangold v. Neuman, 371 Pa. 496, 501, 91 A.2d 904-05 (1952) (the grant of letters of administration is a judicial act which may not be collaterally attacked).  The Michigan and Pennsylvania appointments should be given the full faith and credit provided by 28 U.S.C.A. 1738.[4]

---

[4] See Miniafee v. U.S., 17 Cl. Ct. 571, 574-75 (U.S. Claims Court 1989) (decision of Pennsylvania county Register of Wills a judicial act which Court of Claims required to give full faith and credit per 28 U.S.C.A. 1738; U.S. v. Towne, 997 F.2d 537, 541 (9th Cir. 1993) (official record should be given same treatment in federal court which it would be given in state court where it was created).

5. <u>FRCP 17 AND PENNSYLVANIA LAW WOULD GIVE A RELATION BACK EFFECT TO THE GRANT OF ANCILLARY LETTERS TO THE DECEDENT BY THE REGISTER WILLS OF THE COURT OF COMMON PLEAS OF ERIE COUNTY, PER 20 Pa.C.S.A. 4101</u>.

Radhika Vegesna was granted Ancillary Letters of Administration by the Register of Wills of Erie County, Pennsylvania on January 14, 2004, about 3 months after the two year statute of limitations for the claim had passed.  Under Rule 17 and the interpretive case law, the grant of Ancillary Letters of Administration of the decedent's estate related back to September, 2003, when the Complaint was originally filed.[5]

The interpretive case law under analogous circumstances has held that the granting of Ancillary Letters, or similar type estate court action, relate back to the date when the action was commenced.  See <u>Hunt</u>, <u>supra</u>, 414 F. Supp. at 1160 (Ancillary Letters of Administration relate back to the date when action originally filed); <u>Missouri, Kansas and Texas Railway Co. v. Wolf</u>, 226 U.S. 570, 576, 33 S.Ct. 135, 57 L.Ed. 2d 355 (1912) (a change in the capacity in the named plaintiff to prosecute a death action is a change in forum and not substance and "it related back to the bringing of the suit").

---

[5]Rule 17 provides:

> ". . . a correction in a party is permitted even after the statute of limitations governing the action has run. . .  In this respect, the rule is consistent with the liberal relation back provision in Rule 15(c). . ."

Pennsylvania law is to the same effect as Rule 17 and the relation back effect given to procedural steps taken after the running of the statute of limitations to empower a party to act as an administrator to process a death action. In death actions, it empowers the named party to process the action. See McGuire v. Erie-Lackawanna Railway Co., 385 Pa. Super. 443, 5 A.2d 466, 467-69 (1978) (when the action was initiated by a party identified as the administrator of the decedent's estate, there is a relation back after their official appointment from the Register of Wills, even though it is after the statute of limitations has run). McGuire, supra continues to represent the Pennsylvania law. See Prevish v. Northwest Medical Center, 1997 Pa. Super. LEXIS 795, 692 A.2d 192, 204 (1997).

Radhika Vegesna's receipt of Ancillary Letters of Administration after the statute of limitations had run relate back to the date when the action was originally and timely filed. These Ancillary Letters of Administration issued by the Pennsylvania Court do not adversely impact diversity jurisdiction of this claim in this Court. They empower her to process this death action requesting relief under the Pennsylvania law, even though the Ancillary Letters were applied for and issued after the statute of limitation ran.[6] Hunt, supra.

---

[6] Levinson v. Deupree, 345 U.S. 648, 652, 73 S.Ct. 914, 97 L.Ed. 1319 (1953) (grant of ancillary letters of administration after the statute of limitations ran in maritime death claim relate back to date when action originally timely filed). Because the facts in the present case are substantially similar to those in Levinson, supra with respect to the grant of ancillary letters of administration, the grant of the Ancillary Letters of Administration to Radhika Vegesna relate back to the date when this action was timely filed.

6. **FRCP 17 ALLOWS PLAINTIFF TO CURE ANY PROCEDURAL DEFECTS BEFORE ANY DISMISSAL**.

Defendants are requesting this Court to dismiss this action because of the alleged procedural defects relating to the appointment of Radhika Vegesna to act as the personal representative of the deceased under Michigan law. There are no procedural defects in her acting as the personal representative of the deceased and processing this death claim. However, if Plaintiff is incorrect and there is a procedural defect, the remedy for this Court is not dismissal. Rather, this Court should grant Plaintiff leave to take the necessary steps to cure these procedural defects.[7] The interpretive case law of Rule 17 is to the same effect. See Advanced Magnetics Inc. v. Bay Front Partners, Inc., 106 F.3d 11, 26-34 (2nd Cir. 1997) ("there should be no dismissal or substitution where the real party in interest is necessary to avoid injustice").

Radhika Vegesna could apply to the Massachusetts Court and also request she be granted Letters of Administration to act on behalf of the decedent's estate, considering his domicile in

---

[7]FRCP 17 provides, in part:

> "No action shall be dismissed on the grounds it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by joinder or substitution of the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Massachusetts at the time of his death. This additional appointment would not change the underlying claim and would not impact the diversity jurisdiction already existing in this Court.

A corporate fiduciary or a resident in Michigan or Massachusetts could be appointed and substituted as the Plaintiff, and this substitution should be given the same relation back effect. FRCP 17 specifically provides ". . . substituting the real party in interest to relate back to the time the action was filed". See Hess v. Eddy, 689 F.2d 977 (11th Cir. 1982), cert. denied, 103 S.Ct. 3085, 462 U.S. 1118, 77 L.Ed. 2d 1347 (1982) (joinder of real party in interest or the properly appointed Administrator as party plaintiff after the statute of limitations had run on underlying claim permitted and per FRCP 17 related back to date when action originally filed). None of these remedial procedures would impact the merits of Plaintiff's claim or the merits of Defendants' defenses, other than increase the Plaintiff's litigation costs.

    7.    DEFENDANTS' AUTHORITIES.

Defendants cite five authorities in support of their Motion to Dismiss including Hunt, supra; Straub v. Jaeger, 9 FRD 672 (E.D. Pa. 1950); Missouri, Kansas & Texas Railway Co., supra; Prevish v. Northwest Medical Center, 1997 Pa. Super. LEXIS 795, 692 A.2d 192 (1997); and Wilkes-Barre v. Lesho, 62 Pa. Commw. 222, 435 A.2d 1340 (1981). These five authorities are distinguishable on their facts and/or their holdings are more favorable to Plaintiff's position than Defendants' position.

As an example, in <u>Hunt</u>, <u>supra</u>, the Court allowed a foreign administrator to process a death action in Pennsylvania and held that Ancillary Letters of Administration received after the statute of limitations had run to be given a relation back effect to the date when the action was originally filed. In <u>Missouri</u>, <u>supra</u>, the Court approve the change in the capacity of the named plaintiff bringing a death action originally in his individual capacity to that of the capacity of a personal representative of the estate of the decedent after the statute of limitations had run.

In <u>Straub</u>, <u>supra</u>, the Court denied a Motion to Amend to substitute an ancillary administrator as plaintiff because of statute of limitations issues not present here. The Court in <u>Straub</u>, <u>supra</u>, 9 FRD at 674, noted "normally, the motion for leave to substitute the ancillary Administrator appointed in Pennsylvania law should be allowed".

In <u>Prevish</u>, <u>supra</u>, 692 A.2d at 204-05, the Court recognized the relation back doctrine. It followed <u>McGuire</u>, <u>supra</u> but held it did not apply because the plaintiff did not timely commence the action as the alleged or named personal representative or administrator of the decedent's estate. In <u>Prevish</u>, <u>supra</u>, the death action was instituted in the name of the decedent's estate and not in the name of the personal representative. The Court held that any amendment to the name of the plaintiff in the representative capacity to replace the estate after the statute of limitations had run did not bring it within the relation back doctrine recognized by <u>McGuire</u>, <u>supra</u>.

In contrast to _Prevish_, _supra_, this action was initiated by Radhika Vegesna, as the personal representative of decedent's estate, not by the Estate of Rajesh Padmaraju. Therefore, the holding in _Prevish_, _supra_ does not apply. See the discussion by that Court in _Prevish_, _supra_, 692 A.2d at 205 regarding _McGuire_, _supra_ being the controlling law under circumstances analogous to those presented here.

In _Wilkes-Barre_, _supra_, 435 A.2d at 1343, the Court applied the relation back doctrine when the parents filed a death case as the administrator, alleging they were the administrators their daughter's estate, when they had not yet received their appointment. After the statute of limitations had run, the parents received their official appointment to act as administrators of their daughter's estate. The Court, following _McGuire_, _supra_, held that Pennsylvania would give a relation back effect to any appointment after the statute of limitations had run

That type of procedural step is similar to the type of appointment which Radhika Vegesna received when she received her Ancillary Letters of Administration from the Register of Wills of Erie County, Pennsylvania on January 14, 2004, approximately three months after the statute of limitations had run. If the issues here were presented to the Pennsylvania State Courts, it is respectfully submitted that they would apply the holding in _Wilkes-Barre_, _supra_ and _McGuire_, _supra_, and hold that Radhika Vegesna's grant of Ancillary Letters of Administration in January, 2004 relate back to the date when this action was initially filed in September, 2003.

IV. <u>CONCLUSION</u>:

For the reasons stated in this Brief, Plaintiff does not contest Defendants' Motion for Partial Summary Judgment as it relates to a punitive damage claim. Plaintiff, for all the reasons stated in this Brief, requests this Court to deny Defendants' Motion for Summary Judgment based on a claim that this Court lacks subject matter jurisdiction of this claim. If the Court concludes, although not raised by Defendants' Motion, that Radhika Vegesna lacks the capacity, or is not the real party in interest, to prosecute this death claim, Plaintiff respectfully requests that leave of Court be granted to substitute a named party who has the capacity to prosecute this action. If the Court concludes it lacks subject matter jurisdiction, rather than dismiss this action, Plaintiff requests the Court to enter an Order consistent with 42 Pa.C.S.A. 5103(b) to allow the transfer of this action back to the Court of Common Pleas of Erie County, Pennsylvania.

Respectfully submitted,

CONNER RILEY & FRYLING

BY *(signature)*
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFFS
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860
(814) 453-3343

DATED: July 28, 2005.

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Brief was served upon Edward J. Chiodo, Esquire, counsel for Defendants, 436 Boulevard of the Allies, Suite 500, Pittsburgh, Pennsylvania 15219-1314, this 28th day of July, 2005.

                              CONNER RILEY & FRYLING

                              BY: _____
                              ANDREW J. CONNER, ESQUIRE
                              ATTORNEY FOR PLAINTIFF
                              17 West Tenth Street
                              P.O. Box 860
                              Erie, PA  16512-0860
                              (814) 453-3343

DATED: July 28, 2005.