IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal          :
Representative of the ESTATE       :
OF RAJESH PADMARAJU, Deceased      :
Plaintiff                          :
                                   :
                VS.                :    NO. 03-295 ERIE
                                   :    NO. 03-317 ERIE
MANDEEP SINGH, SAMINDER SINGH      :    NO. 04-34 ERIE
and SAMINDER SINGH d/b/a ISD       :
TRANSPORTATION COMPANY, INC.,      :
Defendants                         :

PLAINTIFF'S MOTION
PER FRCP 15(a)-(c)
REQUESTING LEAVE OF COURT TO
FILE ONE AMENDED COMPLAINT TO
REPLACE THE THREE COMPLAINTS
FILED AT THE ABOVE ACTION NUMBERS

AND NOW comes the Plaintiff, RADHIKA VEGESNA, Personal

Representative of the ESTATE OF RAJESH PADMARAJU, Deceased, by

her counsel, ANDREW J. CONNER of CONNER RILEY & FRYLING, 17 West

Tenth Street, P.O. Box 860, Erie, Pennsylvania 16512-0860, and

files this Motion, per FRCP 15(a)-(c), requesting leave of Court

to file one Amended Complaint to replace the three Complaints

filed in the above matter, alleging as follows:

     1.   This Motion is filed per FRCP 15(a)-(c) requesting

leave of Court to file one Amended Complaint to replace the three

Complaints filed in the within action.

     2.   Attached hereto as Exhibit "A" is a copy of the

proposed Amended Complaint.

     3.   Plaintiff desires to amend her Complaint to replace the

three Complaints filed in the within action to:

(a)   Delete as party Defendants ISD Transportation Company, Inc., Gurminder Singh and the Mandeep Singh of 1639 Hooper Road, Yuba City, California 95991, identified in Paragraph #6 in the Complaint filed at Action No. 03-295 Erie;

(b)   More specifically allege the liability conduct of Saminder Singh, Saminder Singh, d/b/a ISD Transportation Company, Inc. and Mandeep Singh;

(c)   Conform the Complaint to facts developed in the discovery proceedings and the admissible the trial evidence.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant Plaintiff leave to file the Amended Complaint attached hereto.

Respectfully submitted,

CONNER RILEY & FRYLING

BY _Andrew J. Conner_
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFFS
17 West Tenth Street
P.O. Box 860
Erie, PA  16512-0860
(814) 453-3343

DATED: July 28, 2005.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal          :
Representative of the ESTATE       :
OF RAJESH PADMARAJU, Deceased      :
Plaintiff                          :
                                   :
             VS.                   :   NO.  03-295 ERIE
                                   :   NO.  03-317 ERIE
SAMINDER SINGH, SAMINDER SINGH,    :   NO.  04-34 ERIE
d/b/a ISD TRANSPORTATION           :
COMPANY, INC., and MANDEEP         :
SINGH, Defendants                  :


## AMENDED COMPLAINT

AND NOW comes the Plaintiff, RADHIKA VEGESNA, Personal

Representative of the ESTATE OF RAJESH PADMARAJU, Deceased, by

her counsel, ANDREW J. CONNER of CONNER RILEY & FRYLING, 17 West

Tenth Street, P.O. Box 860, Erie, Pennsylvania 16512-0860, and

files this Amended Complaint, alleging as follows:

1.   Radhika Vegesna is the duly appointed personal

representative of the Estate of Rajesh Padmaraju, Deceased,

having received her appointment from the County of Oakland, State

of Michigan Probate Court on October 10, 2002.  Attached hereto

as Exhibit "A" is a copy of the Letters of Authority evidencing

Radhika Vegesna's appointment as the Personal Representative of

the Estate of Rajesh Padmaraju by the State of Michigan.

Attached hereto as Exhibit "B" is a copy of her grant of

Ancillary Letters of Administration to act as Administratrix of

the Estate of Rajesh Padmaraju, Deceased by the Orphan's Court of

the Court of Common Pleas of Erie County, Pennsylvania per 20

Pa.C.S.A. 4101 to process the wrongful death and survival action

in a Pennsylvania state or federal court.



EXHIBIT
"A"

2)    Radhika Vegesna, as a consequence of her appointment as the personal representative of the Estate of Rajesh Padmaraju and her receipt of the Ancillary Letters of Administration from the Register of Wills of Erie County, Pennsylvania, made reference to in the previous Paragraph of this Amended Complaint, and also because she was the sister of the decedent and an enumerated beneficiary of the decedent's estate, is a proper and qualified party to act as the named party Plaintiff for the Wrongful Death and Survival Act claims set forth in this Amended Complaint.

3)    Radhika Vegesna is an individual, resident and citizen of the Country of India, having a principal place of residence at all material times to the events giving rise to this action at 501 Green Park, Apt. 7-1-300, Sanjeena R.N. Hydabad, India 500038.

4)    The decedent, Rajesh Padmaraju, as of the time of his death, was a citizen, resident and domicile of the Commonwealth of Massachusetts, having a principal place of residence at all material times to the events giving rise to this action at 54 Harley Drive, Apt. #8, Worcester, Massachusetts 01606.

5)    Defendant, Saminder Singh, is a resident and citizen of the State of California, having a place of residence and business at all material times to the events giving rise to this action at 3105 Slaterfield avenue, Bakersfield, California 93313.

6)    Defendant, Saminder Singh, at all material times to the events alleged in this Amended Complaint, was doing business as

2

ISD Transportation Company, maintaining a place of business at 3105 Slaterfield Avenue, Bakersfield, California 93313.

7)    Defendant, Mandeep Singh, is a citizen and resident of the State of New York, having a place of residence at 94-20A 108 Street, Richmond Hill, New York 11418.

8)    Jurisdiction for this action and the claims set forth in these Counts are based on complete diversity of citizenship between the parties, with an allegation that the damages claimed are in excess of $75,000.00, per 28 U.S.C. 1332(a), et al.

9)    Venue for this action is properly in this Court and premised on the allegations that the negligent and reckless conduct of the Defendants causing the death of the deceased and his death all occurred in Erie County, Pennsylvania, per 28 U.S.C. 1391(a)(2).

10)    At all material times to the events set forth in this Amended Complaint, the Defendants were regularly conducting business in the Commonwealth of Pennsylvania without first registering with the Secretary of State of the Commonwealth of Pennsylvania as a foreign corporation.

<u>COUNT ONE</u>

(VEGESNA V. SAMINDER SINGH, d/b/a
ISD TRANSPORTATION COMPANY)

11)    The allegations contained in the previous Paragraphs of this Amended Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

3

12)   The Defendant in this Count is Saminder Singh, d/b/a ISD Transportation Company, previously identified, hereinafter referred to as "ISD".

13)   This Count is brought as a wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. 8301.

14)   The beneficiaries and/or the next of kin who are entitled to recover Wrongful Death Act damages generally include the following:

      (a)   Janshi Jampana, Mother

      (b)   Radhika Vegesna, Sister

      (c)   Rajyalalakshmi Bhupatiraju, Sister

15)   On October 5, 2001, after hours of darkness, the Plaintiff's decedent suffered fatal injuries on or near the westbound lanes of Interstate 90 in Erie County, Pennsylvania, near exit 8.  Just prior to receiving these fatal injuries, he had exited his stationary lighted westbound vehicle located at, on or near the right shoulder of the northern most westbound lane of Interstate 90.

16)   In June, 2001, the Defendant, Saminder Singh, recklessly and negligently hired and employed the Defendant, Mandeep Singh, as an operator of tractor-trailers moving in interstate commerce utilizing ISD's interstate commerce rights, in non-compliance and in violation of several relevant U.S. DOT safety regulations including, but not limited to 49 CFR §391.11(b)(2), 391.21(b)(3)-(6), 391.23(c) and 391.51(b)(3).

4

17)    On August 21, 2001, the U.S. DOT cited the Defendant, Saminder Pal Sing, d/b/a and owner of ISD Transportation, with numerous violations of the U.S. DOT Safety Regulations in 49 CFR including, but not limited to, a violation of 49 CFR 391.5(a) for failing to maintain a driver's qualification file on each driver employed, including the co-Defendant, Mandeep Singh.

18)    On and between August 21, 2001 and late September, 2001, when Defendant, Saminder Singh, entrusted the ISD tractor-trailer to Mandeep Singh to commence the trip during which the October 6, 2001 fatality to Rajesh Padmaraju occurred, the Defendant, Saminder Singh, knew he did not maintain a driver qualification file for Mandeep Singh, which was in compliance with 49 CFR 391.5(a).

19)    In late September, 2001, the Defendant, Saminder Singh, recklessly and negligently entrusted the Defendant, Mandeep Singh, with the operation of the ISD tractor-trailer involved in this fatality and to operate that tractor-trailer in interstate commerce from the west coast to the east coast at a point in time when the Defendant, Saminder Singh, knew that Mandeep Singh was not qualified to operate that tractor-trailer because of the non-compliance with the several U.S. DOT safety regulations, made reference to in Paragraphs 16 and 17 of this Amended Complaint.

20)    About 11:30 p.m. on October 5, 2001, the Defendant, Mandeep Singh, acting as the agent and employee of the Defendant, Saminder Singh, and acting within the scope of authority given to him by Saminder Singh, was operating an ISD tractor-trailer in

the passing westbound lane of I-90 just east of the exit known as
the Parade Street Exit.

21)    At the time and place, described in Paragraph 20 of
this Amended Complaint, Mandeep Singh, while attempting to pass
on the right a slower moving tractor-trailer traveling ahead,
negligently, carelessly and recklessly operated the ISD tractor-
trailer into the right driving lane and directly into the back of
a lighted stationary or slow moving vehicle occupying the
northern most westbound driving lane of Interstate 90 behind, or
east, of Plaintiff's decedent's lighted stationary vehicle.

22)    When the Defendant, Mandeep Singh, attempted to pass on
the right the slow moving tractor-trailer ahead, as described in
Paragraph 21, above, he knew he had a restricted view of any
slow-moving or stationary vehicles in the right lane, and there
was a high probability that the right lane would be occupied by
slow moving lighted vehicles located to the west in the right
lane which he could not see because of the presence of the back
of the tractor-trailer he was following.

23)    After the Defendant's tractor-trailer first collided
with the slow moving vehicle in the right lane, it thereafter
collided with the deceased's stationary, lighted vehicle located
partially on the right berm and paved right lane and then,
thereafter, collided with the deceased, who was then a
pedestrian, causing him to suffer the fatal injuries giving rise
to this action.

6

24)    The Defendant, Saminder Singh and Saminder Singh, d/b/a ISD Transportation Company, his independent contractors, agents and employees were negligent, careless, reckless and acted with gross negligence in causing the collisions and the deceased's fatality, described in the previous Paragraph of this Compliant, in the following respects:

(a)    Violating the Pennsylvania Assured Clear Distance Ahead Rule, 75 Pa.C.S.A. 3361;

(b)    Traveling too fast for the conditions then and there existing in the westbound lanes of Interstate 90;

(c)    Tailgating and failing to keep a safe distance behind westbound traffic on Interstate 90 traveling in the westbound lanes, in violation of 75 Pa.C.S.A. 3310;

(d)    Changing the lane of travel from the passing westbound lane into the driving right lane, in violation of 75 Pa.C.S.A. 3334(a);

(e)    Failing to keep a proper lookout ahead for slow moving and/or stationary traffic in both the right and left lanes of Interstate 90;

(f)    Attempting to pass a slower moving vehicle on the right when the presence of the back of the slower moving vehicle prevented observation of slower moving lighted vehicles in the right lane;

(g)    Failing to have the Defendant's tractor-trailer under proper control so as to be able to stop short, or otherwise avoid colliding with the Decedent;

7

(h)   Failing to timely observe the lighted slow moving traffic in the westbound driving lane of Interstate 90;

(I)   Failing to timely observe the stationary vehicle of the deceased at or near the berm of the westbound lanes of Interstate 90; and

(j)   Entrusting the operation of the tractor-trailer to Mandeep Singh when the Defendant, Saminder Singh, d/b/a ISD, knew when employing Mandeep Singh that this employment was a violation of the U.S. DOT Safety Standards enumerated in Paragraph 16 of this Amended Complaint and, therefore, Mandeep Singh was an "unqualified operator", in violation of 75 Pa.C.S.A. 1574(a).

25)   Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

(a)   Funeral, burial and related expenses;

(b)   The loss of financial support which the beneficiaries would have received from the deceased over his and their life expectancies;

(c)   Such other damages recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, SAMINDER SINGH and SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY, INC., in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

COUNT TWO

(VEGENSA V. SAMINDER SINGH and
SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY)

26)    The allegations contained in the previous Paragraphs of
this Amended Complaint are incorporated into this Count by virtue
of this Paragraph as if set forth in full.

27)    The Defendant in this Count is Saminder Singh and
Saminder Singh, d/b/a ISD Transportation Company, previously
identified.

28)    This Count is brought as a survival action pursuant to
the Pennsylvania law, 42 Pa.C.S.A. 8302.

29)    The negligence, carelessness, recklessness and acts of
gross negligence of Saminder Singh and Saminder Singh, d/b/a ISD
Transportation Company, through the acts of its agents and
employees, previously described in Paragraphs 19 through 21 of
this Amended Complaint, caused the death of the deceased on
October 5, 2001.

30)    Claim is made in this Count for all damages recoverable
under the Pennsylvania survival action, including damages for:

(a)    The decedent's conscious pain, suffering and
inconvenience from the time of his fatal injuries
until the time of his death;

(b)    The hospital and medical expenses his estate
incurred for the deceased's care and treatment
from the time of his fatal injuries until the time
of his death;

9

(c)   The loss of the deceased's future net earning power over his life expectancy;

(d)   Such other damages which are recoverable under the controlling law.

WHEREFORE, Plaintiff makes claim for damages against the Defendant, SAMINDER SINGH and SAMINDER SINGH, d/b/a ISD TRANSPORTATION COMPANY, INC., in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

COUNT THREE

(VEGESNA V. MANDEEP SINGH)

31)   The allegations contained in the previous Paragraphs of this Amended Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

32)   The Defendant in this Count is Mandeep Singh, previously identified.

33)   This Count is brought as a wrongful death action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. 8301.

34)   The Defendant, Mandeep Singh, was the driver and operator of the tractor-trailer owned by the Defendant, Saminder Singh and Saminder Singh, d/b/a ISD Transportation Company, made reference to in the previous Paragraphs of this Amended Complaint.

35)   The Defendant, Mandeep Singh, negligently, carelessly and recklessly, as more fully described in Paragraph 24 of this Amended Complaint, operated a tractor-trailer into the back of a

10

lighted stationary or slow moving vehicle in the northern-most
westbound lanes of Interstate 90, or east of decedent's vehicle,
causing the fatal injuries to the deceased, giving rise to this
action.

36)    The Defendant, Mandeep Singh, was specifically
negligent, careless, reckless and acted with gross negligence in
causing the collisions and the deceased's fatality, described in
the previous Paragraph of this Compliant, in the following
respects:

(a)    Violating the Pennsylvania Assured Clear Distance
Ahead Rule, 75 Pa.C.S.A. 3361;

(b)    Traveling too fast for the conditions then and
there existing in the westbound lanes of Interstate 90;

(c)    Tailgating and failing to keep a safe distance
behind westbound traffic on Interstate 90 traveling in the
westbound driving lane, in violation of 75 Pa.C.S.A. 3310;

(d)    Changing the lane of travel from the passing
westbound lane into the driving right lane, in violation of 75
Pa.C.S.A. 3334(a);

(e)    Failing to keep a proper lookout ahead for slow
moving and/or stationary traffic in both the right and left lanes
of Interstate 90;

(f)    Attempting to pass a slower moving vehicle on the
right when the presence of the back of the slower moving vehicle
prevented observation of slower moving lighted vehicles in the
right lane;

11

   (g) Failing to timely observe the lighted slow moving traffic in the westbound driving lane of Interstate 90;

   (h) Failing to timely observe the stationary vehicle of the deceased at or near the berm of the westbound lanes of Interstate 90;

   (i) Failing to have the Defendant's tractor-trailer under proper control so as to be able to stop short, or otherwise avoid colliding with the Decedent;

   (j) Operating this tractor-trailer in violation of the several U.S. DOT safety regulations enumerated in Paragraph 16 of this Amended Complaint including, but not limited to, 49 CFR §391.11(b)(2), 391.21(b)(3)-(6), 391.23(c) and 391.51(b)(3).

 37) Plaintiff makes claim in this Count for all damages recoverable under the Pennsylvania Wrongful Death Act, and/or any other Wrongful Death Act, including that of the Commonwealth of Massachusetts, for all damages recoverable under the controlling law including, but not limited to, the following:

   (a) Funeral, burial and related expenses;

   (b) The loss of financial support which the beneficiaries would have received from the deceased over his and their life expectancies;

   (c) Such other damages recoverable under the controlling law.

 WHEREFORE, Plaintiff makes claim for damages against the Defendant, MANDEEP SINGH, in an amount in excess of $75,000.00, with interest and costs to be awarded in her favor.

## COUNT FOUR

### (VEGESNA V. MANDEEP SINGH)

38)    The allegations contained in the previous Paragraphs of this Amended Complaint are incorporated into this Count by virtue of this Paragraph as if set forth in full.

39)    The Defendant in this Count is Mandeep Singh, previously identified.

40)    This Count is brought as a survival action, pursuant to the Pennsylvania law, 42 Pa.C.S.A. 8302.

41)    The Defendant, Mandeep Singh, was negligent, careless, reckless and acted with gross negligence, and as more fully described in Paragraph 15 of this Amended Complaint, in causing the death of the deceased on October 5, 2001.

42)    Claims is made in this Count for all damages recoverable under the Pennsylvania survival action, and/or such other wrongful death or survival actions the Court applies and believes has the most significant contacts, and includes, but is not limited to, a claim for damages for:

> (a)    The conscious pain, suffering and inconvenience the deceased incurred from the time of his fatal injuries until the time of his death;
>
> (b)    The hospital and medical expenses his estate incurred for the deceased's care and treatment from the time of his fatal injuries until the time of his death;

13

     (c)   The loss of the deceased's future net earning

           power over his life expectancy;

     (d)   Such other damages which are recoverable under the

           controlling law.

    WHEREFORE, Plaintiff makes claim for damages against the

Defendant, MANDEEP SINGH, in an amount in excess of $75,000.00,

with interest and costs to be awarded in her favor.

<u>JURY TRIAL DEMANDED</u>.           Respectfully submitted,

                            CONNER RILEY & FRYLING

                            BY _____
                            ANDREW J. CONNER, ESQUIRE
                            ATTORNEY FOR PLAINTIFF
                            17 West Tenth Street
                            P.O. Box 860
                            Erie, PA 16512-0860
                            (814) 453-3343

DATED: *July 28, 2005.*

14

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Motion was served upon Edward J. Chiodo, Esquire, counsel for Defendants, 436 Boulevard of the Allies, Suite 500, Pittsburgh, Pennsylvania 15219-1314, this 28th day of July, 2005.

CONNER RILEY & FRYLING

BY _Andrew J. Conner_

ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFF
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860
(814) 453-3343

DATED: July 28, 2005.