IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RADHIKA VEGESNA, Personal :
Representative of the ESTATE :
OF RAJESH PADMARAJU, Deceased :
Plaintiff :
:
VS. : NO. 03-295 ERIE
:
ISD TRANSPORTATION COMPANY, :
INC., MANDEEP SINGH, SAMINDER :
SINGH, and SAMINDER SINGH, :
d/b/a ISD TRANSPORTATION :
COMPANY, INC., Defendants :
:
RADHIKA VEGESNA, Personal :
Representative of the ESTATE :
OF RAJESH PADMARAJU, Deceased :
Plaintiff :
:
VS. : NO. 03-317 ERIE
:
SAMINDER SINGH and SAMINDER :
SINGH, d/b/a ISD :
TRANSPORTATION COMPANY, INC., :
Defendants :

PLAINTIFF'S SECOND SUPPLEMENTAL REQUESTS
FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANT, ISD TRANSPORTATION COMPANY, INC.

AND NOW comes the Plaintiff, RADHIKA VEGESNA, Personal Representative of the ESTATE OF RAJESH PADMARAJU, Deceased, by her counsel, ANDREW J. CONNER of CONNER RILEY & FRYLING, 17 West Tenth Street, P.O. Box 860, Erie, Pennsylvania 16512-0860, and submit the following Requests for Production of Documents upon the Defendant, ISD TRANSPORTATION COMPANY, INC., requiring responses within thirty (30) days after service in accordance with Rule 34 of the Federal Rules of Civil Procedure, as follows:

    3) Please produce and permit inspection and copying of all writings, memorandums, documents, files and other compilations of

data and information, which information can be obtained and which information is in the possession, custody and control of Defendant, with the exception of any portions thereof which would disclose the mental impressions of its attorneys, their conclusions, opinions, memorandum, notes or summaries, legal research or legal theories and with the exception of any portions thereof which would disclose the mental impressions, conclusions or opinions reflecting the value or merit of a claim or defense or respective strategy or tactics of a representative of Defendant, other than attorney, which relate to the subject matter involved in this action including, but not limited to:

(a) True and correct copies of documents and information regarding the U.S. DOT investigation of ISD Transportation Company, Inc., resulting in ISD Transportation Company, Inc. being cited for four violations on June 21, 2001, including (1) 382.115 failure to implement an alcohol and/or drug testing program (1 count - fined); (2) 391.51 failure to maintain driver qualification files on each drive (1 count - fined); (3) 395.8 failure to preserve driver's record of duty status for 6 months (2 counts - fined); and (4) 396.3 failure to keep minimum records of inspection and maintenance (1 count - fined)

RESPONSE:

(b) True and correct copies of Liberty Mutual's claim file regarding the reporting and investigation conducted by Liberty Mutual and its representatives regarding the October 5, 2001 fatality involved in the within action;

RESPONSE:

(c) If not already provided in response to the previous Supplemental Request, true and correct copies of any accident reports prepared for and on behalf of Liberty Mutual by any representative acting for and on behalf of ISD, making reference to the identity of the driver of the ISD tractor-trailer at the time of the collision giving rise to the within action;

RESPONSE:

(d) If not already provided, true and correct copies of all documents and memorandums regarding any communications by and between Liberty Mutual and Mandeep Singh of Yuba City, California;

RESPONSE:

3

(e)  True and correct copy of the application of employment of Mandeep Singh of 30348 Madera Avenue, Shafter, California 93263 which ISD obtained or maintained, as required by Section 391.21(a), et al of the Federal Motor Carrier Safety Regulations (see attached Regulations);

RESPONSE:

(f)  True and correct copies of any "Certificate of Road Test" applicable to Mandeep Singh, 30348 Madera Avenue, Shafter, California 93263, as required by Section 391.31, et al of the Federal Motor Carrier Safety Regulations (see attached Regulations); and

(g) Copies of monthly billing statements for September and October, 2001 applicable to any cell phones in your possession as of October 5, 2001.

RESPONSE:

Respectfully submitted,

CONNER RILEY & FRYLING

BY *[signature]*
ANDREW J. CONNER, ESQUIRE
ATTORNEY FOR PLAINTIFF
17 West Tenth Street
P.O. Box 860
Erie, PA  16512-0860
(814) 453-3343

DATED: December 2, 2004.

§391.15

(2) **Disqualifying offenses.** The following offenses are disqualifying offenses:

(i) Driving a commercial motor vehicle while under the influence of alcohol. This shall include:

(A) Driving a commercial motor vehicle while the person's alcohol concentration is 0.04 percent or more;

(B) Driving under the influence of alcohol, as prescribed by State law; or

(C) Refusal to undergo such testing as is required by any State or jurisdiction in the enforcement of §391.15(c)(2)(i)(A) or (B), or §392.5(a)(2).

(ii) Driving a commercial motor vehicle under the influence of a 21 CFR 1308.11 *Schedule I* identified controlled substance, an amphetamine, a narcotic drug, a formulation of an amphetamine, or a derivative of a narcotic drug;

(iii) Transportation, possession, or unlawful use of a 21 CFR 1308.11 *Schedule 1* identified controlled substance, amphetamines, narcotic drugs, formulations of an amphetamine, or derivatives of narcotic drugs while the driver is on duty, as the term on-duty time is defined in §395.2 of this subchapter;

(iv) Leaving the scene of an accident while operating a commercial motor vehicle; or

(v) A felony involving the use of a commercial motor vehicle.

(3) **Duration of disqualification**—(i) **First offenders.** A driver is disqualified for 1 year after the date of conviction or forfeiture of bond or collateral if, during the 3 years preceding that date, the driver was not convicted of, or did not forfeit bond or collateral upon a charge of an offense that would disqualify the driver under the rules of this section. **Exemption.** The period of disqualification is 6 months if the conviction or forfeiture of bond or collateral solely concerned the transportation or possession of substances named in paragraph (c)(2)(iii) of this section.

(ii) **Subsequent offenders.** A driver is disqualified for 3 years after the date of his/her conviction or forfeiture of bond or collateral if, during the 3 years preceding that date, he/she was convicted of, or forfeited bond or collateral upon a charge of, an offense that would disqualify him/her under the rules in this section.

-346-

(d) **Disqualification for violation of out-of-service orders.**

(1) **General rule.** A driver who is convicted of violating an out-of-service order is disqualified for the period of time specified in paragraph (d)(2) of this section.

(2) **Duration of disqualification for violation of out-of-service orders.**

(i) **First violation.** A driver is disqualified for not less than 90 days nor more than one year if the driver is convicted of a first violation of an out-of-service order.

(ii) **Second violation.** A driver is disqualified for not less than one year nor more than five years if, during any 10-year period, the driver is convicted of two violations of out-of-service orders in separate incidents.

(iii) **Third or subsequent violation.** A driver is disqualified for not less than three years nor more than five years if, during any 10-year period, the driver is convicted of three or more violations of out-of-service orders in separate incidents.

(iv) **Special rule for hazardous materials and passenger offenses.** A driver is disqualified for a period of not less than 180 days nor more than two years if the driver is convicted of a first violation of an out-of-service order while transporting hazardous materials required to be placarded under the Hazardous Materials Transportation Act (49 U.S.C. 5101 *et seq.*), or while operating commercial motor vehicles designed to transport more than 15 passengers, including the driver. A driver is disqualified for a period of not less than three years nor more than five years if, during any 10-year period, the driver is convicted of any subsequent violations of out-of-service orders, in separate incidents, while transporting hazardous materials required to be placarded under the Hazardous Materials Transportation Act, or while operating commercial motor vehicles designed to transport more than 15 passengers, including the driver.

## Subpart C—Background and Character

### §391.21 Application for employment.

(a) Except as provided in Subpart G of this part, a person shall not drive a commercial motor vehicle unless he/she has completed and furnished the motor carrier that employs him/her with an application for employment that meets the requirements of paragraph (b) of this section.

-347-

§391.21

(b) The application for employment shall be made on a form furnished by the motor carrier. Each application form must be completed by the applicant, must be signed by him, and must contain the following information:

(1) The name and address of the employing motor carrier;

(2) The applicant's name, address, date of birth, and social security number;

(3) The addresses at which the applicant has resided during the 3 years preceding the date on which the application is submitted;

(4) The date on which the application is submitted;

(5) The issuing State, number, and expiration date of each unexpired commercial motor vehicle operator's license or permit that has been issued to the applicant;

(6) The nature and extent of the applicant's experience in the operation of motor vehicles, including the type of equipment (such as buses, trucks, truck tractors, semitrailers, full trailers, and pole trailers) which he/she has operated;

(7) A list of all motor vehicle accidents in which the applicant was involved during the 3 years preceding the date the application is submitted, specifying the date and nature of each accident and any fatalities or personal injuries it caused;

(8) A list of all violations of motor vehicle laws or ordinances (other than violations involving only parking) of which the applicant was convicted or forfeited bond or collateral during the 3 years preceding the date the application is submitted;

(9) A statement setting forth in detail the facts and circumstances of any denial, revocation, or suspension of any license, permit, or privilege to operate a motor vehicle that has been issued to the applicant, or a statement that no such denial, revocation, or suspension has occurred.

(10) A list of the names and addresses of the applicant's employers during the 3 years preceding the date the application is submitted, together with the dates he/she was employed by, and his/her reason for leaving the employ of, each employer;

(11) For those drivers applying to operate a commercial motor vehicle as defined by Part 383 of this subchapter, a list of the names and addresses of the applicant's employers during the 7-year period preceding the 3 years contained in paragraph (b)(10) of this section for which the applicant was an operator of a commercial motor vehicle, together with the dates of employment and the reasons for leaving such employment.

-348-

(12) The following certification and signature line, which must appear at the end of the application form and be signed by the applicant:

This certifies that this application was completed by me, and that all entries on it and information in it are true and complete to the best of my knowledge.

_____   _____
(Date)                (Applicant's signature)

(c) A motor carrier may require an applicant to provide information in addition to the information required by paragraph (b) of this section on the application form.

(d) Before an application is submitted, the motor carrier shall inform the applicant that the information he provides in accordance with paragraph (b)(10) of this section may be used, and the applicant's prior employers may be contacted, for the purpose of investigating the applicant's background as required by §391.23.

§391.23 **Investigation and inquiries.**

(a) Except as provided in Subpart G of this part, each motor carrier shall make the following investigations and inquiries with respect to each driver it employs, other than a person who has been a regularly employed driver of the motor carrier for a continuous period which began before January 1, 1971:

(1) An inquiry into the driver's driving record during the preceding 3 years to the appropriate agency of every State in which the driver held a motor vehicle operator's license or permit during those 3 years; and

(2) An investigation of the driver's employment record during the preceding 3 years.

(b) The inquiry to State agencies required by paragraph (a)(1) of this section must be made within 30 days of the date the driver's employment begins and shall be made in the form and manner those agencies prescribe. A copy of the response by each State agency, showing the driver's driving record or certifying that no driving record exists for that driver, shall be retained in the carrier's files as part of the driver's qualification file.

(c) The investigation of the driver's employment record required by paragraph (a)(2) of this section must be made within 30 days of the date his/her employment begins. The investigation may consist of personal interviews, telephone interviews,

§391.23

-349-

§391.31

(d) The motor carrier shall retain the list or certificate required by this section, or a copy of it, in its files as part of the driver's qualification file.

(e) Drivers who have provided information required by §383.31 of this subchapter need not repeat that information in the annual list of violations required by this section.

## Subpart D — Tests

### §391.31 Road test.

(a) Except as provided in subpart G, a person shall not drive a commercial motor vehicle unless he/she has first successfully completed a road test and has been issued a certificate of driver's road test in accordance with this section.

(b) The road test shall be given by the motor carrier or a person designated by it. However, a driver who is a motor carrier must be given the test by a person other than himself/herself. The test shall be given by a person who is competent to evaluate and determine whether the person who takes the test has demonstrated that he/she is capable of operating the commercial motor vehicle, and associated equipment, that the motor carrier intends to assign him/her.

(c) The road test must be of sufficient duration to enable the person who gives it to evaluate the skill of the person who takes it at handling the commercial motor vehicle and associated equipment, that the motor carrier intends to assign to him/her. As a minimum, the person who takes the test must be tested, while operating the type of commercial motor vehicle the motor carrier intends to assign him/her, on his/her skill at performing each of the following operations:

(1) The pretrip inspection required by §392.7 of this subchapter;

(2) Coupling and uncoupling of combination units, if the equipment he/she may drive includes combination units;

(3) Placing the commercial motor vehicle in operation;

(4) Use of the commercial motor vehicle's controls and emergency equipment;

(5) Operating the commercial motor vehicle in traffic and while passing other motor vehicles;

(6) Turning the commercial motor vehicle;

-352-

§391.31

(7) Braking, and slowing the commercial motor vehicle by means other than braking; and

(8) Backing and parking the commercial motor vehicle.

(d) The motor carrier shall provide a road test form on which the person who gives the test shall rate the performance of the person who takes it at each operation or activity which is a part of the test. After he/she completes the form, the person who gave the test shall sign it.

(e) If the road test is successfully completed, the person who gave it shall complete a certificate of driver's road test in substantially the form prescribed in paragraph (f) of this section.

(f) The form for the certificate of driver's road test is substantially as follows:

### CERTIFICATION OF ROAD TEST

Driver's name _____
Social Security No. _____
Operator's or Chauffeur's License No. _____
State _____
Type of power unit _____
Type of trailer(s) _____
If passenger carrier, type of bus _____

This is to certify that the above-named driver was given a road test under my supervision on _____ 20____ consisting of approximately _____ miles of driving.

It is my considered opinion that this driver possesses sufficient driving skill to operate safely the type of commercial motor vehicle listed above.

_____
(Signature of examiner)                (Title)

_____
(Organization and address of examiner)

(g) A copy of the certificate required by paragraph (e) of this section shall be given to the person who was examined. The motor carrier shall retain in the driver qualification file of the person who was examined—

(1) The original of the signed road test form required by paragraph (d) of this section; and

(2) The original, or a copy of, the certificate required by paragraph (e) of this section.

-353-